UNITED STATES, Appellee

v.

Brendan C. FORNEY, Lieutenant Junior Grade
U.S. Navy, Appellant

No. 05-0647

Crim. App. No. 200200462

United States Court of Appeals for the Armed Forces

Argued October 16, 2008

Decided March 26, 2009

STUCKY, J., delivered the judgment of the Court, in which BAKER, J., joined. EFFRON, C.J., filed a separate opinion concurring in the result. ERDMANN, J., filed a dissenting opinion in which RYAN, J., joined.

<u>Counsel</u>

For Appellant: <u>Eugene R. Fidell</u>, Esq. (argued); <u>Lieutenant Kathleen L. Kadlec</u>, JAGC, USN, <u>Lieutenant Stephen C. Reyes</u>, JAGC, USNR, <u>Matthew S. Freedus</u>, Esq., and <u>Brent C. Harvey</u>, Esq. (on brief); <u>Captain James D. Valentine</u>, USMC.

For Appellee: <u>Lieutenant Elliot W. Oxman</u>, JAGC, USN (argued); <u>Colonel Ralph F. Miller</u>, USMC, <u>Commander Paul C. LeBlanc</u>, JAGC, USN, <u>Captain Geoffrey S. Shows</u>, USMC, and <u>Lieutenant Mark H. Herrington</u>, JAGC, USN (on brief); <u>Commander Charles N. Purnell</u>, JAGC, USN, <u>Lieutenant Justin E. Dunlap</u>, JAGC, USN, <u>Lieutenant Jessica M. Hudson</u>, JAGC, USNR, and <u>Lieutenant Lars C. Johnson</u>, JAGC, USNR.

Military Judge: David M. White

<u>**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**</u>

Judge STUCKY delivered the judgment of the Court.

Appellant was convicted of conduct unbecoming an officer and a gentleman by possessing child pornography. Article 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 933 (2000). We granted review to determine whether the military judge erred by using a federal statute that the Supreme Court subsequently held to be unconstitutional to define "child pornography." The military judge did not err in using the statute to define child pornography under these circumstances and the possession of images of virtual children engaged in sexually explicit conduct may give rise to a conviction for conduct unbecoming an officer and a gentleman. Therefore, we affirm.

I. Background

Appellant, an active-duty Navy officer, served on the USS DAVID R. RAY (DD 971). During routine computer-system maintenance while the ship was underway, the computer administrator, a noncommissioned officer, discovered that Appellant was using government computers to download and view child pornography. Appellant later admitted to Naval Criminal Investigative Service (NCIS) agents that, although he primarily downloaded and viewed such images in his stateroom, he also sometimes used the engineering log room computer. From November 1999 to March 2000, Appellant downloaded approximately 1,700 to 1,800 images of naked, adolescent girls between the ages of ten

and fifteen years old.  As time went on, the images became increasingly graphic, depicting exposed genitalia or sexual acts with adults.

In March 2001, a general court-martial with members convicted Appellant, contrary to his pleas, of engaging in conduct unbecoming an officer and a gentleman by receiving and possessing child pornography, and two specifications of committing a crime or offense not capital, viz., possessing child pornography in violation of the Child Pornography Prevention Act of 1996 (CPPA), 18 U.S.C. § 2252A (2000).  Articles 133 and 134, UCMJ, 10 U.S.C. §§ 933, 934 (2000).  Before sentencing, the military judge merged the Article 134 offenses with the Article 133 offense for sentencing purposes.  The members sentenced Appellant to a dismissal and confinement for twelve months.  The convening authority approved the sentence.  On appeal, the United States Navy-Marine Corps Court of Criminal Appeals (CCA) set aside the Article 134 charge because the definition of child pornography used in the military judge's instruction had subsequently been held unconstitutional by the Supreme Court in Ashcroft v. Free Speech Coalition, 535 U.S. 234, 240, 256, 258 (2002).  United States v. Forney, No. 200200462, 2005 CCA LEXIS 235, at *11, 2005 WL 1800117, at *3 (N-M. Ct. Crim. App. July 19, 2005).  The CCA affirmed the

3

findings as to the Article 133 offense and affirmed the sentence.  Id. at *23, 2005 WL 180017, at *8.

We remanded the case to the CCA to reconsider its decision in light of United States v. Moreno, 63 M.J. 129 (C.A.A.F. 2006) (concerning review of unjust post-trial delay claims), and United States v. Cendejas, 62 M.J. 334 (C.A.A.F. 2006) (holding conviction for possession of child pornography under clause 3 of Article 134, UCMJ, had to be set aside because the trial court failed to fully and fairly litigate whether the images depicted actual or virtual children).  United States v. Forney, 64 M.J. 177 (C.A.A.F. 2006) (summary disposition).  On remand, the CCA affirmed the findings of guilty to a violation of Article 133, but granted relief for post-trial delay by affirming only so much of the sentence as provided for a dismissal.  United States v. Forney, No. 200200462, 2007 CCA LEXIS 349, at *14, *25, 2007 WL 2579429, at *4, *8 (N-M. Ct. Crim. App. Aug. 30, 2007).

## II.  The Specification and Instructions

The sole specification upon which Appellant now stands convicted alleged that he did "wrongfully receive and possess child pornography, as defined in 18 U.S.C. § 2256, which acts or conduct constituted conduct unbecoming an officer."  Article 133, UCMJ, provides as follows:  "Any commissioned officer, cadet, or midshipman who is convicted of conduct unbecoming an officer and a gentleman shall be punished as a court-martial may

direct." The military judge instructed the court members that in order to convict Appellant of the offense alleged, they had to be convinced beyond a reasonable doubt that:

(1) Appellant received and possessed child pornography;

(2) Appellant knew he received and possessed child pornography;

(3) Appellant knew what he received and possessed was child pornography;

(4) Appellant's receipt and possession of the child pornography was wrongful; and,

(5) Under all the circumstances, Appellant's conduct was unbecoming an officer and a gentleman.

The military judge defined conduct unbecoming an officer and a gentleman as

> behavior in an official capacity which, in dishonoring or disgracing the individual as a commissioned officer, seriously detracts from his character as a gentleman, or behavior in an unofficial or private capacity which, in dishonoring or disgracing the individual personally, seriously detracts from his standing as a commissioned officer.

> "Unbecoming conduct" means misbehavior more serious than slight and of a material and pronounced character. It means conduct morally unfitting and unworthy, rather than merely inappropriate or unsuitable misbehavior which is more than opposed to good taste or propriety.

The military judge defined child pornography to the court members based on the then-current language of 18 U.S.C. §

2256(8),[1] as follows:

> "Child pornography" means any visual depiction, including any photograph, film, video, picture, or computer image or computer generated image or picture, whether made or produced by electronic, mechanical, or other means of sexually explicit conduct where:
>
> [(A)] The production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or
>
> [(B)] Such visual depiction is or appears to be of a minor engaging in sexually explicit conduct; or
>
> [(C)] Such visual depiction has been created, adapted or modified to appear that an identifiable minor is engaging in sexually explicit conduct; or
>
> [(D)] That such visual depiction is advertised, promoted, presented, described or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct.

The military judge further instructed that "[r]eceipt and possession of child pornography may be inferred to be wrongful in the absence of evidence to the contrary; however, the drawing of this inference is not required."

---

[1] Congress amended this definition in the wake of Free Speech Coalition, but the amendments are not relevant in this context. Pub. L. No. 108-21, § 502, 117 Stat. 650, 678 (2003).

### III.  Analysis

In his instructions to the court members, the military judge employed the definition of child pornography then found in 18 U.S.C. § 2256(8), part of the CPPA.  More than a year after Appellant was sentenced, the Supreme Court held that 18 U.S.C. § 2256(8) violated the First Amendment to the extent that it criminalized the possession and distribution of certain "virtual" images -- images that were neither obscene nor produced by the exploitation of actual children.  Free Speech Coalition, 535 U.S. at 240, 256, 258.

Relying on Free Speech Coalition, this Court has set aside convictions for violations of the CPPA, as crimes or offenses not capital under clause 3 of Article 134, UCMJ, in which the court had defined child pornography as including images of virtual children.  See United States v. Mason, 60 M.J. 15, 18 (C.A.A.F. 2004); United States v. O'Connor, 58 M.J. 450, 454 (C.A.A.F. 2003).  On the other hand, we have affirmed convictions for the possession of child pornography charged as conduct "to the prejudice of good order and discipline in the armed forces" or as "conduct of a nature to bring discredit upon the armed forces" under clauses 1 or 2 of Article 134, UCMJ, without requiring the prosecution to establish that the images were of actual children.  See United States v. Brisbane, 63 M.J. 106, 116-17 (C.A.A.F. 2006); Mason, 60 M.J. at 20 (stating that

"[t]he receipt or possession of 'virtual' child pornography can, like 'actual' child pornography, be service-discrediting or prejudicial to good order and discipline"). We now hold that the receipt and possession of virtual child pornography may also constitute conduct unbecoming an officer.

### A. Conduct Unbecoming an Officer

The Supreme Court "has long recognized that the military is, by necessity, a specialized society separate from civilian society." Parker v. Levy, 417 U.S. 733, 743 (1974); Orloff v. Willoughby, 345 U.S. 83, 94 (1953). That is because the primary business of the military is to fight and be ready to fight the nation's wars. Levy, 417 U.S. at 743 (citing United States ex rel. Toth v. Quarles, 350 U.S. 11, 17 (1955)). "'No question can be left open as to the right to command in the officer . . ..'" Id. at 744 (quoting In re Grimley, 137 U.S. 147, 153 (1890)). An officer's conduct that disgraces him personally or brings dishonor to the military profession affects his fitness to command the obedience of his subordinates so as to successfully complete the military mission. That is the gravamen of the offense Congress proscribed in Article 133.

Further, we have held on numerous occasions that conduct need not be a violation of any other punitive article of the Code, or indeed a criminal offense at all, to constitute conduct unbecoming an officer. E.g., United States v. Norvell, 26 M.J.

8

United States v. Forney, No. 05-0647/NA

477, 481 (C.M.A. 1988); United States v. Taylor, 23 M.J. 314,

318 (C.M.A. 1987).  As we stated more than forty years ago:

> [I]t is evident that the essence of an Article 133 offense
> is not whether an accused officer's conduct otherwise
> amounts to an offense -- although, of course, it may -- but
> simply whether the acts meet the standard of conduct
> unbecoming an officer . . . .
>
> Clearly, then, the appropriate standard for assessing
> criminality under Article 133 is whether the conduct or act
> charged is dishonorable and compromising as hereinbefore
> spelled out -- this notwithstanding whether or not the act
> otherwise amounts to a crime.

United States v. Giordano, 15 C.M.A. 163, 168, 35 C.M.R. 135,

140 (1964).

That the possession of virtual child pornography may be

constitutionally protected speech in civilian society does not

mean it is protected under military law.  "While the members of

the military are not excluded from the protection granted by the

First Amendment, the different character of the military

community and of the military mission requires a different

application of those protections."  Levy, 417 U.S. at 758.

"Speech that is protected in the civil population may

nonetheless undermine the effectiveness of response to command.

If it does, it is constitutionally unprotected."  Id. at 759

(citing United States v. Gray, 20 C.M.A. 63, 42 C.M.R. 255

(1970)).  Appellant's conduct disgraced him personally and

compromised his fitness to command the obedience of his

subordinates.

## B.  The Military Judge's Instruction

Appellant argues that the military judge erred by instructing the members using the definition of child pornography found in 18 U.S.C. § 2256(8) that the Supreme Court held violated the First Amendment's free speech provision. Quoting Cendejas, 62 M.J. at 339-40, Appellant asserts that this definition "'relieved the Government of its obligation to prove that the images were of "actual" children beyond a reasonable doubt in an evidentiary proceeding,'" and "'removed any opportunity for [LTJG Forney] to present a defense based on the "virtual" constitutionally protected nature of the images.'" "At the very least," he argues, "the members must be instructed that the speech (e.g., possession of images of virtual child pornography) is constitutionally protected but that it could, nonetheless, constitute conduct unbecoming an officer."

Appellant's arguments are based on Cendejas.  In that case, however, the Government charged the accused with violating the CPPA under clause 3 of Article 134, UCMJ.  Id. at 335.  When an accused is charged with violating a civilian statute under the rubric of clause 3, we must apply the Supreme Court's interpretation of that civilian statute.  Where the offense does not allege that the conduct violated a civilian statute, but instead alleges the conduct itself is unbecoming an officer and a gentleman or prejudicial to good order and discipline or of a

nature to bring discredit upon the armed forces, we apply Supreme Court precedent in the military context.

Neither the UCMJ nor the Manual for Courts-Martial contains a definition of child pornography, and this Court has not been called upon to define the term. The Government could have avoided this issue by alleging Appellant possessed "images of children engaged in sexually explicit conduct" rather than alleging he possessed "child pornography, as defined in 18 U.S.C. § 2256." Nevertheless, it is clear from the specification as alleged that the Government was not charging Appellant with a violation of Title 18, but was merely adopting the definition in 18 U.S.C. § 2256 to explain the term "child pornography" in the context of a conduct unbecoming an officer and a gentleman charge under 10 U.S.C. § 933.

As noted earlier, "[s]peech that is protected in the civil population may nonetheless undermine the effectiveness of response to command. If it does, it is constitutionally unprotected." Levy, 417 U.S. at 759 (citing Gray, 20 C.M.A. 63, 42 C.M.R. 255). The First Amendment no more protects a military officer from prosecution under Article 133 for wrongfully possessing virtual child pornography on government computers on a Navy warship underway than it protected Captain Levy from prosecution for making statements to enlisted personnel that he would not go to Vietnam if ordered to do so. See Levy, 417 U.S.

11

at 739 n.6.  The military judge did not err by using 18 U.S.C. §

2256 to define child pornography.[2]

Appellant also argues that the military judge should have

instructed the members that the possession of virtual child

pornography was constitutionally protected, although it could

constitute conduct unbecoming an officer, and that failure to so

instruct prevented him from presenting a defense.  Neither the

Supreme Court nor this Court has imposed a general requirement

to instruct on the state of the law in civilian society, even in

cases raising explicit First Amendment issues.  See Levy, 417

U.S. 733; United States v. Howe, 17 C.M.A. 165, 37 C.M.R. 429

(1967) (using contemptuous language toward the President and

conduct unbecoming an officer by participating in a public

---

[2] Even if it were error for the military judge to reference the
federal statute in the instruction -- arguably suggesting that
the possession of virtual child pornography was illegal in
civilian society -- we are confident such error was harmless
beyond a reasonable doubt.  See Chapman v. California, 386 U.S.
18, 24 (1967).  There is no reasonable possibility that any such
error might have contributed to Appellant's conviction.  Id.  In
light of the totality of the circumstances -- his receiving and
possessing such images on government computers on a Navy ship
underway, the discovery of the misconduct by an enlisted person
in the performance of his duties, and the focus of the offense
and the military judge's instructions on the military nature of
the offense -- any such error would have been unimportant in
relation to everything else the jury considered on the issue in
question.  Yates v. Evatt, 500 U.S. 391, 403 (1991), overruled
on other grounds by Estelle v. McGuire, 502 U.S. 62, 72 n.4
(1991).  A rational court-martial would have found Appellant
guilty absent the alleged error.  United States v. McDonald, 57
M.J. 18, 20 (C.A.A.F. 2002) (citing Neder v. United States, 527
U.S. 1, 18 (1999)).

demonstration contemptuous of the President).  That a civilian may not be subject to criminal liability under Title 18 for the same conduct that resulted in Appellant's conviction under Article 133 is not determinative of whether his conduct was unbecoming an officer and a gentleman.  Appellant would not have been entitled to present evidence that possession of virtual child pornography was not an offense in the civilian community or to have the military judge so instruct, even if he had requested the instruction, which he did not.  It follows that the military judge did not err by failing to give such an instruction.[3]

---

[3] Appellant's argument that he should have been able to raise this issue to the members suggests he believes it is a quasi-affirmative defense to an Article 133 charge -- the members could, but would not be required to, acquit if they found the images were of virtual children.  However, before a military judge is required to give an affirmative defense instruction, there must be some evidence in the record to which the members might attach credit.  See United States v. Van Syoc, 36 M.J. 461, 464 (C.M.A. 1993); accord United States v. Hibbard, 58 M.J. 71, 72 (C.A.A.F. 2003).  In this case, there is absolutely no evidence that the images were or might have been virtual.  Thus, even if Appellant's quasi-defense were recognized in military law, and it is not, the military judge would not have been required to instruct on it.

IV.  Decision

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.[4]

---

[4] We do not agree that the CCA improperly affirmed on a theory not presented to the members, viz., that the images were virtual.  The CCA, having found error, was required to assess prejudice.  It did so by considering the case in the light most favorable to the defense.  Forney, 2007 CCA LEXIS 349, at *13, 2007 WL 2579429, at *4.  That is not an alternative theory of the case.

United States v. Forney, No. 05-0647/NA

EFFRON, Chief Judge (concurring in the result):

I agree with the plurality opinion that receipt and possession of virtual child pornography may be charged as conduct unbecoming an officer and a gentleman in violation of Article 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 933 (2000), even though such conduct is not subject to prosecution in civilian society. United States v. Forney, __ M.J. __ (8-9) (C.A.A.F. 2009). I respectfully disagree, however, with the plurality opinion's approval of the military judge's instructions, which cited and relied upon a provision of the Child Pornography Prevention Act of 1996 (CPPA), 18 U.S.C. § 2252A (2000), that was later held to be unconstitutional in pertinent part by the Supreme Court in Ashcroft v. Free Speech Coalition, 535 U.S. 234, 256, 258 (2002). Forney, __ M.J. at __ (10-13). For the reasons set forth below, I would find instructional error, but hold that any error was harmless beyond a reasonable doubt under the circumstances of this case.

I.  BACKGROUND:  CHILD PORNOGRAPHY OFFENSES

A.  THE RELATIONSHIP BETWEEN CIVIL CRIMES AND MILITARY
    OFFENSES UNDER ARTICLES 133 AND 134

Article 134, UCMJ, has served as the primary vehicle for prosecuting child pornography offenses under the Uniform Code of Military Justice. 10 U.S.C. § 134 (2000). Under clause 3 of Article 134 ("crimes and offenses not capital"), members of the

armed forces may be charged with violating generally applicable federal criminal statutes, such as the CPPA. See, e.g., United States v. Wolford, 62 M.J. 418, 423 (C.A.A.F. 2006).

Child pornography offenses also may be prosecuted under clause 1 of Article 134 ("all disorders and neglects to the prejudice of good order and discipline") or clause 2 of Article 134 ("all conduct of a nature to bring discredit upon the armed forces"). See, e.g., United States v. Irvin, 60 M.J. 23 (C.A.A.F. 2004). Offenses under clauses 1 and 2 may consist of violations of military-specific norms as well as violations of civil law. See Manual for Courts-Martial, United States pt. IV, paras. 60.c(2)(a), 60.c(3) (2008 ed.) (MCM).

As noted in the plurality opinion, child pornography offenses involving an officer also may be charged under Article 133, UCMJ, 10 U.S.C. § 933 ("conduct unbecoming an officer and a gentleman"). See Forney, __ M.J. at __ (8-9). As with offenses under Article 134, offenses under Article 133 may consist of violations of military-specific norms, as well as violation of generally applicable criminal laws. See MCM pt. IV, paras. 59.c(2), 59.c(3).

As a matter of proof, the nature of the standard -- whether the act or omission violated a military-specific norm or a generally applicable civilian law -- is important. In a contested case, the court-martial panel must determine whether

the act or omission occurred, and whether it constituted a violation of incorporated federal law under Article 134(3), or whether it was prejudicial to good order and discipline under Article 134(1), service discrediting under Article 134(2), or conduct unbecoming an officer and a gentleman under Article 133. See, e.g., United States v. Cendejas, 62 M.J. 334, 338-40 (C.A.A.F. 2006).  In a guilty plea case, the military judge must ensure that the accused understands and explains why his or her conduct violated the applicable element.  See, e.g., United States v. Reeves, 62 M.J. 88, 95-96 (C.A.A.F. 2005); United States v. Martinelli, 62 M.J. 52, 64-67 (C.A.A.F. 2005).

    B.   PROSECUTION OF CHILD PORNOGRAPHY CASES UNDER THE UCMJ IN THE AFTERMATH OF ASHCROFT V. FREE SPEECH COALITION

1.  The distinction between images of actual children and images of virtual children

In the CPPA, Congress sought to permit prosecutions involving pornographic images of real children, as well as images created without the use of real children -- that is, "virtual" child pornography.  In United States v. James, 55 M.J. 297 (C.A.A.F. 2001), we considered a constitutional challenge to a child pornography conviction under the CPPA as incorporated in clause 3 of Article 134, UCMJ.  We concluded that such a prosecution under the CPPA did not violate the First Amendment's free speech protections, noting that our decision was consistent with the views of the majority of the other federal courts of

appeals that had considered the same issue.  Id. at 299-300.
The Supreme Court subsequently reached a different conclusion,
holding that the CPPA was unconstitutionally overbroad under the
First Amendment to the extent that the statute attempted to
reach virtual images.  Free Speech Coalition, 535 U.S. at 244-
56.  In the aftermath of the Supreme Court's decision, we
reversed convictions under clause 3 of Article 134 that relied
on incorporation of the unconstitutional provisions of the CPPA.
See, e.g., Cendejas, 62 M.J. at 339-40.

2.  Circumstances under which virtual images of child
    pornography may constitute a unique military offense

In a separate set of cases, we considered whether members
of the armed forces could be prosecuted under provisions of
military law that did not rely on incorporation of federal
criminal law, such as clauses 1 and 2 of Article 134.  We
concluded that offenses involving virtual child pornography
could be charged as conduct prejudicial to good order and
discipline or as service discrediting conduct under clauses 1
and 2 of Article 134 without violating the constitutional rights
of military personnel, relying on the differing constitutional
standards applicable to unique military offenses.  See, e.g.,
United States v. Mason, 60 M.J. 15, 20 (C.A.A.F. 2004) (citing
Parker v. Levy, 417 U.S. 733, 758 (1974)).

United States v. Forney, No. 06-0647/NA

Because charges under clauses 1 and 2 require a case-specific determination by the factfinder as to whether the conduct was prejudicial or service discrediting, we have emphasized that the determination as to whether virtual child pornography was, in fact, a violation of clauses 1 or 2 must be made by the factfinder on a case-by-case basis.  See id. at 19; United States v. Brisbane, 63 M.J. 106, 116 (C.A.A.F. 2006). Likewise, we have held that in guilty plea cases, the military judge must ascertain whether the accused can explain during the plea colloquy why his or her conduct was prejudicial or service discrediting.  See, e.g., Martinelli, 62 M.J. at 64-67; United States v. O'Connor, 58 M.J. 450, 455 (C.A.A.F. 2003).

## II.  INCORPORATION OF GENERALLY APPLICABLE CRIMINAL LAW BY THE MILITARY JUDGE IN THE INSTRUCTIONS PROVIDED IN APPELLANT'S CASE

The offense of conduct unbecoming an officer and a gentleman under Article 133 consists of two elements:

(1)  That the accused did or omitted to do certain acts; and

(2)  That, under the circumstances, these acts or omissions constituted conduct unbecoming an officer and gentleman.

MCM pt. IV, para. 59.b.

In his instructions to the panel on the Article 133 charge, the military judge relied substantially on the text of the CPPA, a generally applicable criminal statute.  With respect to the

5

first element under Article 133, the military judge instructed the members that to convict Appellant, they must find that "the accused received and possessed child pornography, as defined in 18 U.S. Code Section 2256."  The military judge then inserted a series of elements concerning knowing receipt and possession of child pornography, followed by the element of unbecoming conduct.  In the course of explaining the element of knowledge, the military judge underscored the relationship between Article 133 and the CPPA by noting that "it is not required that the accused knew of the criminal statute involved."  The military judge then returned to the definition of child pornography, advising the members that they must use the definition in "18 U.S. Code, Section 2256."  He set forth the CPPA definition in detail, including the portions subsequently found to be unconstitutional in Free Speech Coalition, 535 U.S. at 256, 258.  Subsequently, the military judge used a similar definition in the course of instructing the members with respect to separate charges alleging violation of the CPPA as incorporated through clause 3 of Article 134.

### III.  DISCUSSION

#### A.  INSTRUCTIONAL ERROR

The plurality opinion's conclusion that virtual child pornography offenses may be charged under both Article 133 and

Article 134, UCMJ, answers the question of whether Appellant could be convicted under the charge, but does not answer the question of whether the military judge properly instructed the panel. See Forney, __ M.J. at __ (7-10). Likewise, the plurality opinion's conclusion that the military judge was not required on his own motion to instruct the panel as to the constitutionality of the CPPA does not establish the propriety of the instructions that were given by the military judge. See id. at __ (11-13).

In addressing the instructional issue, the plurality opinion states that "Appellant would not have been entitled to present evidence that possession of virtual child pornography was not an offense in the civilian community or to have the military judge so instruct, even if he had requested the instruction." Id. at __ (13). The suggestion that a military accused cannot introduce such evidence is inconsistent with the scope of proof permitted under Articles 133 and 134. When a member of the armed forces is charged with a violation of Article 133 or 134, the court-martial panel may convict the member on the ground that the conduct at issue violated the norms of civilian society set forth in a generally applicable criminal statute, irrespective of any military-specific norm. See supra Part I.A. Because the panel may convict a member on the basis that the conduct violates civil law, the accused is

7

entitled to present evidence that the conduct does not amount to an offense in civilian society. Cf. Cendejas, 62 M.J. at 339-40 (discussing the right to defend on the theory of civil legality in the context of an Article 134, clause 3, case). The problem with the military judge's instructions in the present case is not that he permitted the charge to go to the members or that he omitted any particular instruction. The problem in this case arises from the inclusion in the instruction of a generally applicable federal criminal statute that proved to be invalid in pertinent part.

In cases arising under Articles 133 and 134, UCMJ, a military judge may appropriately craft an instruction that refers to and incorporates a generally applicable civil statute. In some cases, it may be necessary to do so where the proof of the Article 133 or 134 violation turns on whether the unbecoming, prejudicial, or service discrediting conduct violates a civil law. If, however, the statute is invalid in whole or in part, reference to the statute becomes problematic. In such a case, the instruction could leave the members with the view that the charged conduct would violate a valid civil law, creating the possibility that the members could convict the accused on the basis of an incorrect understanding of the law.

The present case raises that concern. The repeated references to the CPPA and statutory criminal conduct could have

8

left the members with the view that the conduct at issue violated a valid generally applicable statute, thereby creating the potential for convicting on grounds that were undermined by the Supreme Court's decision in Free Speech Coalition.  As noted in Part I, the decision in Free Speech Coalition does not preclude a conviction under Articles 133 or 134 for violation of a military-specific norm, but it does preclude a court-martial from relying on the existence of a civil norm as the basis for such a conviction.  See Mason, 60 M.J. at 18-20.  Accordingly, reference to the statutory provisions constituted instructional error in the present case.[1]

## B.  PREJUDICE

Although the instruction was incorrect, the conviction may be affirmed under the particular circumstances of this case because the instructional error was harmless beyond a reasonable doubt.  When a military judge's instruction incorrectly describes elements of an offense, we analyze that error for prejudice under a standard of harmlessness beyond a reasonable doubt.  United States v. Upham, 66 M.J. 83, 86 (C.A.A.F. 2008)

---

[1] Judge Erdmann, joined by Judge Ryan, makes a similar point, noting that the record in this case does not establish that the members gave fair consideration to the nature of the charged conduct separate from the nature of the offense as a civilian crime.  See Forney, __ M.J. at __ (3-4) (Erdmann, J., with whom Ryan, J., joins, dissenting).  I agree.  The end result is that three judges, a majority of this Court, agree on the nature of the instructional error in this case.  See id. at 4 n.1.

(citing Neder v. United States, 527 U.S. 1, 17 (1999)). Error is harmless beyond a reasonable doubt when there is no "reasonable possibility that the evidence [or error] complained of might have contributed to the conviction." United States v. Moran, 65 M.J. 178, 187 (C.A.A.F. 2007) (quoting Chapman v. California, 386 U.S. 18, 24 (1967) (brackets in original)). We consider two factors in analyzing the harmlessness of an instructional error: "whether the matter was contested, and whether the element at issue was established by overwhelming evidence." Upham, 66 M.J. at 87.

In this case, the question of whether Appellant's conduct was unbecoming was not placed at issue during trial. At trial, the defense focused its argument on factual matters, attacking the reliability of Appellant's confessions and suggesting that others may have performed the downloading. The defense did not argue that if Appellant had committed the charged acts, the acts would not have amounted to conduct unbecoming an officer and a gentleman.

The element of unbecoming conduct was established by overwhelming evidence. The Government introduced two separate confessions in which Appellant admitted to Naval Criminal Investigative Service agents that he received and possessed child pornography on government computers on his ship. The Government also introduced testimony regarding how pornographic

images of children were discovered in Appellant's storage drive, forensic analysis of the image files, and copies of the image files themselves.  In this case, even if the instruction led the members to believe that Appellant's conduct violated a civil law, there is no reasonable possibility, in the context of all other evidence presented, that such a belief contributed to Appellant's conviction.  Given the significant evidence that Appellant viewed child pornography on government computers on board a Navy ship underway, in the context of the issues raised by the defense at trial, we can be confident that the instructional error was harmless beyond a reasonable doubt with respect to the panel's determination that the charged acts constituted conduct unbecoming an officer and a gentleman.  See Forney, __ M.J. at __ (12 n.2); Moran, 65 M.J. at 187. Accordingly, I agree with the plurality opinion that the findings and sentence may be affirmed.

United States v. Forney, No. 05-0647/NA

ERDMANN, Judge, with whom RYAN, Judge, joins (dissenting):

I agree with Judge Stucky that the possession of pornographic images of virtual children may give rise to a conviction under Article 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 933 (2000), for conduct unbecoming an officer and a gentleman, even though the First Amendment protects civilians from criminal prosecution for engaging in such conduct.  United States v. Forney, ___ M.J. ___ (2) (C.A.A.F. 2008); see United States v. Mason, 60 M.J. 15, 19 (C.A.A.F. 2004).  However, using broad strokes, his opinion essentially concludes that there are no First Amendment concerns in the context of an Article 133, UCMJ, offense based on possession of virtual pornographic images and denies any error in this case.  See Forney, ___ M.J. at ___ (10, 12).  I cannot join in those broad conclusions.

While we "have long recognized that the First Amendment rights of civilians and members of the armed forces are not necessarily coextensive[,] . . . we must ensure that the connection between any conduct protected by the First Amendment and its effect in the military environment be closely examined."  United States v. O'Connor, 58 M.J. 450, 455 (C.A.A.F. 2003).  When confronted with these circumstances our precedents require a careful examination of the First Amendment concerns.  See generally United States v. Wilcox, 66 M.J. 442, 451 (C.A.A.F.

2008) (concluding that where the record establishes no direct and palpable connection between the otherwise protected speech and the military mission or military environment, there can be no conviction under Article 134, UCMJ, clause 1 or 2).

In this case, the members convicted Forney under Article 134, UCMJ, § 934 (2000), clause 3, of two specifications of violating 18 U.S.C. § 2252A (2000), due to possession of "images of child pornography, as defined by 18 U.S.C. 2256." The members also convicted Forney of conduct unbecoming an officer and a gentleman under Article 133, UCMJ, due to possession of "child pornography, as defined in 18 U.S.C. § 2256." After Forney's trial and while the case was on direct review, the Supreme Court struck down portions of the definitions in 18 U.S.C. § 2256 (2000), as unconstitutional; as a result, civilians could not be prosecuted for possession of virtual images of child pornography. Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002).

In light of Free Speech Coalition and our precedents applying that decision in the Article 134, UCMJ, clause 3 context, the United States Navy-Marine Corps Court of Criminal Appeals dismissed the Article 134, UCMJ, specifications in this case. United States v. Forney, No. NMCCA 200200462, 2005 CCA LEXIS 235, at *10-*11, *23, 2005 WL 1800117, at *3, *8 (N-M. Ct. Crim. App. July 19, 2005) (unpublished). But the lower court

ultimately affirmed the conviction under Article 133, UCMJ, reasoning in part that "[b]ecause the Government did not have an obligation to establish that any image was of an actual child, it is not of constitutional significance whether the appellant had the opportunity to challenge the nature of the images as virtual."  United States v. Forney, No. NMCCA 200200462, 2007 CCA LEXIS 349, at *13, 2007 WL 2579429, at *4 (N-M. Ct. Crim. App. Aug. 30, 2007) (unpublished).

On appeal to this court Forney contends, among other things, that he was denied the right to argue to the members that the virtual images were constitutionally protected in the civilian community and that reasonable doubt therefore exists as to whether possession of constitutionally protected virtual images would constitute conduct unbecoming an officer and a gentleman under Article 133, UCMJ, in the military community. In light of the unique procedural context of this case, I find this argument to have merit.

After the Supreme Court decided Free Speech Coalition, this court recognized that the virtual or actual status of child pornography images has constitutional significance that may bear on the service discrediting nature of possessing such images. O'Connor, 58 M.J. at 454-55.  Addressing the issue in the context of plea inquiries where an Article 134, UCMJ, clause 1 or 2 offense relied on the unconstitutional definitions of 18

3

U.S.C. § 2256, we would not affirm the conviction unless the record showed a discussion between the military judge and the accused conspicuously reflecting that the accused understood the nature of the prohibited conduct separate and apart from its standing as a civilian offense. Id. at 455; see also United States v. Martinelli, 62 M.J. 52, 67 (C.A.A.F. 2005).

A comparable analysis seems warranted in the context of this contested case charging an Article 133, UCMJ, offense and relying on the unconstitutional definitions of 18 U.S.C. § 2256. Here too the constitutional significance of the status of virtual or actual images may, or may not, bear on whether Forney's possession of the images warrants criminal penalties as conduct unbecoming an officer and a gentleman under Article 133, UCMJ. In both the charges and the member instructions, the Article 134, UCMJ, clause 3 specifications were intertwined with the conduct unbecoming specification by means of their mutual reliance on the unconstitutional definitions under 18 U.S.C. § 2256.[1] Therefore, the record does not establish that the members

---

[1] I agree with Part III.A of Chief Judge Effron's separate opinion, which concludes that an accused is entitled to present evidence to show that the conduct in question does not amount to an offense in civilian society, that reliance on an invalid federal criminal statute in member instructions constitutes error, and that the instructions given by the military judge in the present case were deficient in that regard. See Forney, ___ M.J. at ___ (7-9) (Effron, C.J., concurring in the result).

gave fair consideration to the nature of the prohibited conduct separate and apart from its standing as a civilian offense.

Under the unique facts of this case and in light of the narrow issue before us,[2] I would find that Forney was deprived of the chance to argue to the members that his possession of images of child pornography was constitutionally protected. Because Forney did not have the opportunity to develop this First Amendment-based defense on the record before the members,[3] I do not think this court is in a position to evaluate the merits of such a defense on appeal in an effort to determine whether the error was harmless beyond a reasonable doubt.[4] Accordingly, even

---

[2] We granted review on the following issue:

> WHETHER APPELLANT'S ARTICLE 133 CONVICTION CAN BE
> SUSTAINED EVEN THOUGH HE PLEADED NOT GUILTY AND THE
> SPECIFICATION ON WHICH HE WAS TRIED EXPRESSLY RESTED
> ON A STATUTE THAT THE SUPREME COURT HAS FOUND
> UNCONSTITUTIONAL.

66 M.J. 466 (C.A.A.F. 2008).

[3] Although not necessary in support of my view of this case, I would note that a similar argument could have been made on sentencing in an effort to mitigate the gravity of the offense.

[4] Judge Stucky asserts that there is no possibility of such a defense in this case because there is no evidence in the record that the images were or could have been virtual. Forney, ___ M.J. at ___ (13) n.3. This assertion, however, conflicts with United States v. Cendejas, 62 M.J. 334, 340 (C.A.A.F. 2006) (finding in a case tried as an Article 134, UCMJ, clause 3 offense that the appellant was improperly denied the "opportunity . . . to present a defense based on the 'virtual' constitutionally protected nature of the images" because the question of whether the images were virtual or actual was not litigated at the court-martial).

though I agree that possession of virtual images can constitute the offense of conduct unbecoming an officer and a gentleman if the Government proves the unbecoming nature of the possession under the circumstances, I do not believe the record in this case justifies affirming the conviction on those grounds.  As such, I would reverse the Court of Criminal Appeals, set aside the findings of guilty and authorize a rehearing.