Judge ERDMANN
delivered the opinion of the court.
Staff Sergeant Javier Cendejas pled guilty and was convicted of violating a lawful general order concerning the use of government computers in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892 (2000). Cendejas pled not guilty but was convicted of possessing child pornography in violation of the Child Pornography Prevention Act of 1996 (CPPA), 18 U.S.C. § 2252A(a)(5)(B) (2000), communicating indecent language to a child under sixteen and attempted communication of indecent language to a child under sixteen in violation of Articles 80 and 134, UCMJ, 10 U.S.C. §§ 880, 934 (2000). Cendejas, who was tried by a military judge alone, was sentenced to a dishonorable discharge, fifty-four months of confinement, forfeiture of all pay and allowances and a reduction in grade to E-l. The convening authority approved the sentence and the United States Air Force Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion. United States v. Cendejas, No. ACM 34864, 2004 CCA LEXIS 50, 2004 WL 388960 (A.F.Ct.Crim.App. Feb. 10, 2004).
After the Supreme Court’s decision in Ashcroft v. Free Speech Coalition, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002), the Government must prove that an image depicts an actual child in order to sustain a conviction under the CPPA. United States v. O’Connor, 58 M.J. 450, 453 (2003). The military judge did not make any finding of fact that actual children were used to create the visual depictions possessed by Cendejas. The Air Force court affirmed Cendejas’ conviction because Cendejas did not assert that the images were “virtual” and the court concluded, based upon its own examination, that the images were undoubtedly pictures of actual children. We granted review to determine whether the Air Force court properly affirmed Cendejas’ conviction.[1]

*336
BACKGROUND

Cendejas, a twenty-eight-year-old Staff Sergeant, met two Canadian female teenagers through an online Internet chat room. A week later, he and a friend traveled to Canada to meet the young girls in person. After their face-to-face meeting, Cendejas continued to chat online with one of the girls, who was thirteen years old. When the girl’s parents discovered what was happening, they contacted the Winnipeg Police Department which contacted the Air Force Office of Special Investigations (AFOSI).
While AFOSI was investigating the allegations against Cendejas, his name was flagged during a routine Security Forces review of the government computer server logs for the base. Security Forces determined that Cendejas had accessed a prohibited site on a government computer and provided AFOSI with three nude pictures that Cendejas had accessed. Believing that one of the photographs depicted a girl under the age of eighteen, AFOSI began working with the local police department to obtain a search warrant for Cendejas’ off-base home.
At the same time, AFOSI monitored Cendejas’ communications with the thirteen-year-old girl. He was arrested when he arranged another meeting with her. After he was taken into custody, AFOSI and the local police searched his home and seized his personal computer. Analysis of the computer uncovered twenty images of naked females of varying ages and varying degrees of sexual maturity. Based on the discovery of these images, Cendejas was charged with possession of child pornography.
During the pretrial phase, the possibility that some of the images may have been virtual was raised by the defense. Cendejas filed a motion to dismiss the CPPA-based charge, arguing that the CPPA was unconstitutionally vague and overbroad, relying on the Ninth Circuit’s holding in Free Speech Coalition v. Reno, 198 F.3d 1083 (9th Cir. 1999). Defense counsel argued that the definition of “child pornography” in § 2256(8)(B)[2] was broad enough to include two different categories of images that were produced without using any children. Defense counsel pointed out that the “appears to be” language of § 2256(8)(B) could include (1) pictures of adults “made up to be 16 or 17,” and (2) computer-generated images that were made “to look like ... real children].” Defense counsel argued that the government’s compelling interest in the protection of children did not justify the criminalization of these two types of pictures because there are no children used in the production of such images.
*337 In response to this line of argument, the military judge asked whether the defense was contending that any of the specific images found on Cendejas’ computer were created without using actual children. Defense counsel responded that some of the images appeared to be “digitally altered” but that it was difficult to tell. The military judge denied Cendejas’ motion to dismiss finding that under United States v. James, 55 M.J. 297 (C.A.A.F.2001), the CPPA definitions were constitutional and “[i]t [would] not [be] appropriate ... to abandon that language.”[3]
At trial the parties discussed whether the models used to create the images in question were under eighteen, but the issue of whether some of the images may have been computer-generated was not raised again. The military judge ultimately convicted Cendejas of one specification of possession of child pornography in violation of the CPPA.
While Cendejas’ appeal to the Air Force court was pending, the Supreme Court granted certiorari and issued its decision in Free Speech Coalition,[4] In its decision, the Supreme Court determined that “certain portions of the § 2256(8) definition are unconstitutional, specifically the ‘or appears to be’ language of § 2256(8)(B), and the entirety of § 2256(8)(D).” O’Connor, 58 M.J. at 452 (citing Free Speech Coalition, 535 U.S. at 256, 258). Before the Air Force court, Cendejas argued that because the military judge utilized the unconstitutional definition, his conviction should be set aside.
The Air Force court initially presumed that the military judge considered all of the definition contained in 18 U.S.C. § 2256(8) and found that it would be:
[Constitutional error to consider within the definition of child pornography an image or picture that “appears to be” of a minor engaging in sexually explicit conduct (18 U.S.C. § 2256(8)(B)) or one that is “advertised, promoted, presented, described or distributed in such a manner that conveys the impression” that it contains a minor engaging in sexually explicit conduct.
2004 CCA LEXIS 50, at *7-*8, 2004 WL 388960, at *3. The Air Force court went on to find, however, that the military judge did not rely on the unconstitutional portions of the definition and that the error was therefore harmless.

DISCUSSION

I. Standard of Review
The Court of Criminal Appeals properly identified the applicable legal standard. After finding that the military judge erroneously relied on an unconstitutional definition of child pornography, the court subjected that error to a “harmless beyond a reasonable doubt” review under Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). See e.g., United States v. Simmons, 59 M.J. 485, 489 (C.A.A.F.2004). The Government bears the burden of establishing that any constitutional error is harmless beyond a reasonable doubt. Id. (citing United States v. Hall, 58 M.J. 90, 94 (C.A.A.F.2003)). Whether the error is harmless beyond a reasonable doubt is a question of law that we review de novo. Id.
II. Virtual Images and Expert Testimony
This court has held that after Free Speech Coalition, “[i]t is no longer enough ... to knowingly possess, receive or distribute visual depictions that ‘appear to be’ of a minor engaging in sexually explicit conduct.” O’Connor, 58 M.J. at 453. Instead, proof that an actual child under the age of eighteen was used in the production of the images is a required element of a charge under the CPPA. Id.
Since the issue of “actual” versus “virtual” was not litigated at the trial level, the Gov *338 ernment offered no evidence that the images were produced using actual children. While the images themselves constitute some evidence on this issue, they were not introduced for that purpose based on the statements the military judge made in denying Cendejas’ motion to dismiss. Cendejas argues that there was insufficient evidence presented at his trial to establish the use of actual child models in the production of the photographs he possessed. The Government takes the position that a factfinder has the prerogative to decide without expert testimony whether images of child pornography are actual or virtual.[5]
In the wake of the Supreme Court’s decision in Free Speech Coalition, every federal circuit court to have considered the question has held that the factfinder can make a determination that an actual child was used to produce the images in question based upon a review of the images alone. See United States v. Farrelly, 389 F.3d 649, 655 (6th Cir.2004); United States v. Slanina, 359 F.3d 356, 357 (5th Cir.), cert. denied, 543 U.S. 845, 125 S.Ct. 288, 160 L.Ed.2d 73 (2004); United States v. Kinder, 335 F.3d 1132, 1142 (10th Cir.2003); United States v. Deaton, 328 F.3d 454, 455 (8th Cir.2003); United States v. Hall, 312 F.3d 1250, 1260 (11th Cir.2002).[6] We come to the same conclusion and find that a factfinder can make a determination as to whether actual children were used to produce the images based upon a review of the images alone. In the military justice system this includes the military judge and, under appropriate circumstances, a Court of Criminal Appeals. We note that this ruling does not prevent a defendant from having the opportunity to challenge the images on the basis that they do not depict an actual child.
III. Factual Basis For Guilt and the Court of Criminal Appeals’ Article 66(c) Power
This ruling also does not end our inquiry in this case. In reaching its decision, the Air Force court noted that “[t]he issue of ‘real’ versus ‘virtual’ children was not raised at trial” but when the lower court performed its own review of the images it concluded that “the children depicted in those photographs were real, not virtual.” 2004 CCA LEXIS 50, at *12-*13, 2004 WL 388960, at *4. While we have found that a factfinder has the ability to make such a determination based on the images alone, we must consider whether, in this case, this determination was a proper exercise of the unique factfinding power of the Court of Criminal Appeals under Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2000).
The military judge found that eight of the twenty images met the definition of “child pornography”, under 18 U.S.C. § 2256(8)(B). When the military judge denied Cendejas’ motion to dismiss and found the definition of “child pornography” to be constitutional under James, we, like the Court of Criminal Appeals, must assume that he applied the full scope of the 18 U.S.C. § 2256(8) definition to his finding of guilt. The military judge did not state or suggest that he would disregard those portions of the definition that were later found unconstitutional by the Supreme Court.
Noting that the military judge selected only a portion of the images submitted, and based on its own review, the Court of Criminal Appeals concluded that the military judge “avoided any implication that the definition in *339 18 U.S.C. § 2256(8)(B) may have been relied upon to support his findings.” 2004 CCA LEXIS 50, at *12, 2004 WL 388960, at *4. We disagree. Rather than avoiding those parts of the definition of child pornography embracing constitutionally protected material, the military judge selected eight images which met the existing definition of child pornography, a definition which embraced both the constitutional and unconstitutional portions of § 2256(8)(B). In other words, he found guilt because the eight images were either virtual or actual beyond a reasonable doubt. After Free Speech Coalition, this general finding cannot be upheld.
The Supreme Court has long held that if a factfinder is presented with alternative theories of guilt and one or more of those theories is later found to be unconstitutional, any resulting conviction must be set aside when it is unclear which theory the factfinder relied on in reaching a decision. See Stromberg v. California, 283 U.S. 359, 368, 51 S.Ct. 532, 75 L.Ed. 1117 (1931); see also Williams v. North Carolina, 317 U.S. 287, 292, 63 S.Ct. 207, 87 L.Ed. 279 (1942) (“To say that a general verdict of guilty should be upheld though we cannot know that it did not rest on the invalid constitutional ground on which the case was submitted to the jury, would be to countenance a procedure which would cause a seiious impairment of constitutional rights.”).
From the record in this case, neither this court nor the Court of Criminal Appeals can determine that the military judge relied only on those portions of the definition later found to be constitutional by the Supreme Court. Accordingly the Court of Criminal Appeals could not engage in factfinding to affirm this conviction. The Court of Criminal Appeals should have set aside Cendejas’ conviction rather than attempting to resolve the uncertain factual basis for the finding of guilt.[7]
IV. The Burden of Proof and Cenjedas’ Opportunity to Present a Defense
The Court of Criminal Appeals’ independent review of the images and its reliance on the record of trial to conclude that Cendejas was properly convicted also raises due process concerns. An element of an 18 U.S.C § 2252A offense that the Government must prove is that actual children were used to create the images. O’Connor, 58 M.J. at 453; id. at 456 (Crawford, C.J., dissenting). The Government argues that Cendejas was required to establish that the images were “virtual.” This court has repeatedly held that the Government bears the burden of proving each and every element of a crime beyond a reasonable doubt. See, e.g., United States v. Mason, 59 M.J. 416, 424 (C.A.A.F. 2004). We agree with the First Circuit, which recently noted, “[i]t bears repeating that the Government is not released from its burden of proof by a defendant’s failure to argue, or by an absence of evidence otherwise suggesting, the artificiality of the children portrayed.” United States v. Hilton, 386 F.3d 13, 18 (1st Cir.2004).
We have concluded in this opinion that the Government may use the images themselves to make this showing in appropriate situations. A defendant is then entitled to confront the Government’s evidence and present his own evidence that the images are not “actual.” See United States v. Browning, 54 M.J. 1, 9 (C.A.A.F.2000) (“An accused has a constitutional right to present relevant evidence to defend against the charges.”); United States v. Woolheater, 40 M.J. 170, 173 (C.M.A.1994) (recognizing that “the Constitutional right to present defense evidence is a ‘fundamental’ right”) (citing Chambers v. Mississippi, 410 U.S. 284, 295, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973)).
The military judge’s ruling upholding the definition of child pornography in 18 U.S.C. § 2256(8)(B) relieved the Government of its *340 obligation to prove that the images were of “actual” children beyond a reasonable doubt in an evidentiary proceeding. That ruling, in turn, removed any opportunity for Cendejas to present a defense based on the “virtual” constitutionally protected nature of the images. In determining that it could make its own factual review of the images, the Court of Criminal Appeals failed to recognize that since the issue of “virtual” versus “actual” was not litigated at the trial level, its action resulted in Cendejas’ conviction being upheld on a theory that Cendejas did not have the opportunity to defend against.
The Court of Criminal Appeals’ action deprived Cendejas of the opportunity to confront the Government’s evidence on the issue of whether the images were of “actual” or “virtual” children and to present evidence on his behalf that the images were “virtual.” Accordingly, Cendejas’ due process rights were violated. See United States v. Brewer, 61 M.J. 425, 429-30 (C.A.A.F.2005). This error is not harmless beyond a reasonable doubt. With the proper opportunity to present evidence in his defense, Cendejas might have raised a question in the military judge’s mind about the origin of the images.
V. Possibility of a Lesser Included Offense
While the Court of Criminal Appeals’ errors require us to set aside Cendejas’ conviction of 18 U.S.C. 2252A under clause 3 of Article 134, we have held that in some circumstances a conviction to a lesser included offense under clauses 1 or 2 of Article 134(1) or (2) is appropriate. See United States v. Sapp, 53 M.J. 90, 92 (C.A.A.F.2000) (“[Conduct which violates no specific statute may still be an offense [under Article 134] if it is found to be prejudicial to good order and discipline or if it is of a nature to bring discredit upon the armed forces.”).
Because the question of whether the images Cendejas possessed were created using actual live child models was not fully and fairly litigated, we will assume without deciding that the images were virtual for purposes of the lesser included offense analysis. Thus, the question is whether there was sufficient evidence introduced at trial to establish that Cendejas’ conduct in possessing virtual child pornography was either prejudicial to good order and discipline or service-discrediting. United States v. Mason, 60 M.J. 15, 20 (C.A.A.F.2004). Conduct prejudicial to good order and discipline is conduct that causes a reasonably direct and palpable injury to good order and discipline. United States v. Erickson, 61 M.J. 230, 232 (C.A.A.F.2005); see also Manual for Courts Martial, United States pt. IV, para. 60.e.(2)(a) (2005 ed.). Service-discrediting conduct is conduct which tends to harm the reputation of the service or lower it in public esteem. United States v. Vaughan, 58 M.J. 29, 36 (C.A.A.F.2003).
In a case with constitutional implications such as this one, “the record must conspicuously reflect that the accused ‘clearly understood the nature of the prohibited conduct.’ ” United States v. Martinelli, 62 M.J. 52, 67 (C.A.A.F.2005) (quoting Mason, 60 M.J. at 19). There was no such evidence introduced at Cendejas’ trial nor, since this was a contested charge, was there any discussion by the military judge as to what constitutes conduct that is prejudicial to good order and discipline or what constitutes service-discrediting conduct. There is therefore no basis in the record that would support a conviction of a lesser included offense under clauses 1 or 2 of Article 134.

DECISION

The decision of the United States Air Force Court of Criminal Appeals is reversed as to Specification 1 of Charge II and as to sentence, but is affirmed in all other respects. The record of trial is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals. That court may either dismiss Specification 1 of Charge II and reassess the sentence, or it may order a rehearing.

. We granted review of the following five issues:
WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED BY FAILING TO SET ASIDE APPELLANT’S CONVICTION FOR POSSESSION OF CHILD PORNOGRAPHY DESPITE THE COURT’S CONCLUSION THAT THE CONVICTION WAS BASED ON CONSTITUTIONAL ERROR.
AS APPELLANT’S RECORD OF TRIAL DOES NOT CONTAIN EXPERT TESTIMONY ON THE ACTUAL OR VIRTUAL NATURE OF THE SUBJECTS OF PHOTOGRAPHIC OR ELECTRONIC IMAGES, DOES THE FACT-FINDING AUTHORITY OF THE AIR FORCE COURT OF CRIMINAL APPEALS PERMIT THAT COURT TO DETERMINE, IN LIGHT OF ALL OTHER EVIDENCE, WHETHER THE IMAGES THEMSELVES DEPICT "ACTUAL” CHILDREN, SUFFICIENT TO SUP *336 PORT APPELLANT’S CONVICTION BASED ON TITLE 18 U.S.C. § 2252A.
WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS CAN REVIEW THE IMAGES OF ALLEGED CHILD PORNOGRAPHY AND AFFIRM THE FINDINGS OF GUILTY OF SPECIFICATION 1 OF CHARGE II (POSSESSION OF CHILD PORNOGRAPHY IN VIOLATION OF 18 U.S.C. § 2252A(a)(5)(B)) WHERE THE MILITARY JUDGE AS TRIER OF FACT APPLIED A DEFINITION OF CHILD PORNOGRAPHY THAT WAS, IN PART, UNCONSTITUTIONAL AND THE GENERAL FINDING OF GUILT DOES NOT INFORM THE REVIEWING COURT WHICH, IF ANY, OF THE IMAGES THE FINDER OF FACT FOUND TO BE "VIRTUAL” VERSUS "ACTUAL” CHILDREN.
WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED WHEN IT REVIEWED CERTAIN IMAGES OF ALLEGED CHILD PORNOGRAPHY AND AFFIRMED APPELLANT’S CONVICTION FOR POSSESSING CHILD PORNOGRAPHY UPON ITS OWN CONCLUSION THAT THE IMAGES WERE OF "REAL" CHILDREN WHERE APPELLANT DID NOT HAVE THE OPPORTUNITY TO PRESENT A DEFENSE AGAINST THE LIMITED CONSTITUTIONAL DEFINITION OF CHILD PORNOGRAPHY.
WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED WHEN IT REVIEWED CERTAIN IMAGES OF ALLEGED CHILD PORNOGRAPHY AND AFFIRMED APPELLANT’S CONVICTION FOR POSSESSING CHILD PORNOGRAPHY UPON ITS OWN CONCLUSION THAT THE IMAGES WERE OF "REAL" CHILDREN, THEREBY REMOVING THE GOVERNMENT’S BURDEN OF PROVING THAT THE IMAGES WERE OF ACTUAL AND NOT VIRTUAL CHILDREN BEYOND A REASONABLE DOUBT IN A TRIAL FORUM WHERE THE GOVERNMENT’S EVIDENCE WOULD BE SUBJECT TO CONFRONTATION AND CROSS-EXAMINATION.

. The definition of the term “child pornography" as used in 18 U.S.C. § 2252A(a)(5)(B) is found in 18 U.S.C. § 2256(8)(B).

. The military judge correctly endorsed the § 2256(8) definitions in reliance on James because at the time of his ruling the Supreme Court had not yet granted certiorari in Free Speech Coalition, in which the Supreme Court would later rule that portions of § 2256(8) were unconstitutional. 535 U.S. at 257, 122 S.Ct. 1389.

. The Supreme Court issued its decision in Free Speech Coalition in 2002. This court issued its decision in O'Connor in 2003. The Air Force Court of Criminal Appeals issued its decision on February 10, 2005.

. The issue of whether the Government must introduce expert testimony is based on the actual/virtual distinction applicable to prosecutions under clause 3 of Article 134 as a result of the Supreme Court's decision in Free Speech Coalition. Under the precedents of this court, however, a servicemember can be prosecuted under clauses 1 and 2 of Article 134 for offenses involving virtual child pornography even though such conduct is constitutionally protected in civilian society. Accordingly, in cases prosecuted under clauses 1 and 2, the Government bears no burden of demonstrating that the images depict actual children — with or without expert testimony.

. The one court that reached an opposite conclusion withdrew its opinion and vacated its judgment. See United States v. Hilton, 363 F.3d 58 (1st Cir.2004), withdrawn and vacated by United States v. Hilton, No. 03-1741, 2004 U.S.App.LEXIS 19528 (1st Cir. Sept. 20, 2004) (order granting rehearing). On rehearing the Hilton court issued an opinion that does not address this question. See United States v. Hilton, 386 F.3d 13 (1st Cir.2004).

. This ruling is consistent with United States v. Carlson, 59 M.J. 475, 476 (2004), a guilty plea case where this court held:
[T]he Court of Criminal Appeals erred in "finding” that any of the images at issue were visual depictions of a "real minor" for purposes of 18 U.S.C. 2256(8)(A). The scope of the lower court's factfinding authority under Article 66(c), UCMJ, 10 U.S.C. 866(c), does not extend to making a "finding of fact" of that nature in the context of a guilty plea, where no aspect of either the plea colloquy or the stipulation of fact is directed toward the character of the images as depicting "real" or "virtual" minors.