ERDMANN, Judge,
with whom RYAN, Judge,
joins (dissenting):
I agree with Judge Stucky that the possession of pornographic images of virtual children may give rise to a conviction under Article 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 933 (2000), for conduct unbecoming an officer and a gentleman, even though the First Amendment protects civilians from criminal prosecution for engaging in such conduct. United States v. Forney, 67 M.J. at 272-73 (C.A.A.F.2008); see United *281 States v. Mason, 60 M.J. 15, 19 (C.A.A.F.2004). However, using broad strokes, his opinion essentially concludes that there are no First Amendment concerns in the context of an Article 133, UCMJ, offense based on possession of virtual pornographic images and denies any error in this case. See Forney, 67 M.J. at 275-76. I cannot join in those broad conclusions.
While we “have long recognized that the First Amendment rights of civilians and members of the armed forces are not necessarily coextensive[,] ... we must ensure that the connection between any conduct protected by the First Amendment and its effect in the military environment be closely examined.” United States v. O’Connor, 58 M.J. 450, 455 (C.A.A.F.2003). When confronted with these circumstances our precedents require a careful examination of the First Amendment concerns. See generally United States v. Wilcox, 66 M.J. 442, 451 (C.A.A.F.2008) (concluding that where the record establishes no direct and palpable connection between the otherwise protected speech and the military mission or military environment, there can be no conviction under Article 134, UCMJ, clause 1 or 2).
In this case, the members convicted Forney under Article 134, UCMJ, § 934 (2000), clause 3, of two specifications of violating 18 U.S.C. § 2252A (2000), due to possession of “images of child pornography, as defined by 18 U.S.C. 2256.” The members also convicted Forney of conduct unbecoming an officer and a gentleman under Article 133, UCMJ, due to possession of “child pornography, as defined in 18 U.S.C. § 2256.” After Forney’s trial and while the case was on direct review, the Supreme Court struck down portions of the definitions in 18 U.S.C. § 2256 (2000), as unconstitutional; as a result, civilians could not be prosecuted for possession of virtual images of child pornography. Ashcroft v. Free Speech Coalition, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002).
In light of Free Speech Coalition and our precedents applying that decision in the Article 134, UCMJ, clause 3 context, the United States Navy-Marine Corps Court of Criminal Appeals dismissed the Article 134, UCMJ, specifications in this case. United States v. Forney, No. NMCCA 200200462, 2005 CCA LEXIS 235, at *10-*11, *23, 2005 WL 1800117, at *3, *8 (N.M.Ct.Crim.App. July 19, 2005) (unpublished). But the lower court ultimately affirmed the conviction under Article 133, UCMJ, reasoning in part that “[bjecause the Government did not have an obligation to establish that any image was of an actual child, it is not of constitutional significance whether the appellant had the opportunity to challenge the nature of the images as virtual.” United States v. Forney, No. NMCCA 200200462, 2007 CCA LEXIS 349, at *13, 2007 WL 2579429, at *4 (N.M.Ct.Crim.App. Aug. 30, 2007) (unpublished).
On appeal to this court Forney contends, among other things, that he was denied the right to argue to the members that the virtual images were constitutionally protected in the civilian community and that reasonable doubt therefore exists as to whether possession of constitutionally protected virtual images would constitute conduct unbecoming an officer and a gentleman under Article 133, UCMJ, in the military community. In light of the unique procedural context of this case, I find this argument to have merit.
After the Supreme Court decided Free Speech Coalition, this court recognized that the virtual or actual status of child pornography images has constitutional significance that may bear on the service discrediting nature of possessing such images. O’Connor, 58 M.J. at 454-55. Addressing the issue in the context of plea inquiries where an Article 134, UCMJ, clause 1 or 2 offense relied on the unconstitutional definitions of 18 U.S.C. § 2256, we would not affirm the conviction unless the record showed a discussion between the military judge and the accused conspicuously reflecting that the accused understood the nature of the prohibited conduct separate and apart from its standing as a civilian offense. Id. at 455; see also United States v. Martinelli, 62 M.J. 52, 67 (C.A.A.F.2005).
A comparable analysis seems warranted in the context of this contested ease charging an Article 133, UCMJ, offense and relying on the unconstitutional definitions of 18 U.S.C. *282 § 2256. Here too the constitutional significance of the status of virtual or actual images may, or may not, bear on whether Forney’s possession of the images warrants criminal penalties as conduct unbecoming an officer and a gentleman under Article 133, UCMJ. In both the charges and the member instructions, the Article 134, UCMJ, clause 3 specifications were intertwined with the conduct unbecoming specification by means of their mutual reliance on the unconstitutional definitions under 18 U.S.C. § 2256.[1] Therefore, the record does not establish that the members gave fair consideration to the nature of the prohibited conduct separate and apart from its standing as a civilian offense.
Under the unique facts of this case and in light of the narrow issue before us,[2]1 would find that Forney was deprived of the chance to argue to the members that his possession of images of child pornography was constitutionally protected. Because Forney did not have the opportunity to develop this First Amendment-based defense on the record before the members,[3] I do not think this court is in a position to evaluate the merits of such a defense on appeal in an effort to determine whether the error was harmless beyond a reasonable doubt.[4] Accordingly, even though I agree that possession of virtual images can constitute the offense of conduct unbecoming an officer and a gentleman if the Government proves the unbecoming nature of the possession under the circumstances, I do not believe the record in this case justifies affirming the conviction on those grounds. As such, I would reverse the Court of Criminal Appeals, set aside the findings of guilty and authorize a rehearing.

. I agree with Part III.A of Chief Judge Effron's separate opinion, which concludes that an accused is entitled to present evidence to show that the conduct in question does not amount to an offense in civilian ^ociety, that reliance on an invalid federal criminal statute in member instructions constitutes error, and that the instructions given by the military judge in the present case were deficient in that regard. See Fomey, 67 MJ. at 279-80 (Effron, C.J., concurring in the result).

. We granted review on the following issue:
WHETHER APPELLANT’S ARTICLE 133 CONVICTION CAN BE SUSTAINED EVEN THOUGH HE PLEADED NOT GUILTY AND THE SPECIFICATION ON WHICH HE WAS TRIED EXPRESSLY RESTED ON A STATUTE THAT THE SUPREME COURT HAS FOUND UNCONSTITUTIONAL.
66 M.J. 466 (C.A.A.F.2008).

. Although not necessary in support of my view of this case, I would note that a similar argument could have been made on sentencing in an effort to mitigate the gravity of the offense.

. Judge Stucky asserts that there is no possibility of such a defense in this case because there is no evidence in the record that the images were or could have been virtual. Forney, 67 M.J. at 276-77 n. 3. This assertion, however, conflicts with United States v. Cendejas, 62 M.J. 334, 340 (C.A.A.F.2006) (finding in a case tried as an Article 134, UCMJ, clause 3 offense that the appellant was improperly denied the "opportunity ... to present a defense based on the ‘virtual’ constitutionally protected nature of the images” because the question of whether the images were virtual or actual was not litigated at the court-martial).