# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant TIMOTHY J. RODRIGUEZ, SR.**
**United States Army, Appellant**

ARMY 20140466

Headquarters, 1st Infantry Division and Fort Riley
Jeffery Nance, Military Judge
Colonel Craig E. Merutka, Staff Judge Advocate

For Appellant:  Major M. Patrick Gordon, JA; Captain Heather L. Tregle, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Major A.G. Courie, III, JA; Captain Janae M. Lepir, JA; Captain Carrie L. Ward, JA (on brief).

30 April 2015

----------------------------------
SUMMARY DISPOSITION
----------------------------------

HAIGHT, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of knowingly and wrongfully distributing child pornography and one specification of knowingly and wrongfully possessing child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for three years, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raises one assignment of error which merits discussion and relief.

*Discussion*

Appellant claims the military judge failed to elicit a sufficient factual basis to establish that appellant's misconduct was prejudicial to good order and discipline in the armed forces. We agree.

During the providence inquiry, when asked by the military judge how his actions were prejudicial to good order and discipline, appellant responded that military members should act with honor and integrity and should always do what is right. While this nonresponsive answer may be laudable and accurate, it does not indicate how appellant's particular behavior caused a "reasonably direct and palpable injury to good order and discipline." *United States v. Cendejas*, 62 M.J. 334, 340 (C.A.A.F. 2005). Nor does the stipulation of fact, which, in relevant part, merely states appellant believed the "morally repugnant nature of [appellant's] conduct would incite anger and physical violence amongst members of his unit." There was no discussion as to whether these possible reactions actually occurred.

*Conclusion*

We, therefore, dismiss the language "to the prejudice of good order and discipline in the armed forces and" from both specifications. The findings of guilty of Specifications 1 and 2 (as modified) and The Charge are AFFIRMED. After consideration of the principles set forth by our superior court in *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), we are able to reassess the sentence and the approved sentence is AFFIRMED. All rights, privileges, and property of which appellant has been deprived by virtue of those findings set aside by this decision are hereby ordered restored.

Senior Judge COOK and Judge TELLITOCCI concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court