# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

## Gabriel GONZALEZ
### Machinery Technician Third Class (E-4), U.S. Coast Guard

### CGSPCM 24919
### Docket No. 1410

### 9 September 2015

Special Court-Martial convened by Commander, Coast Guard Sector Key West.  Tried at Key West, Florida on 27 July 2011.

| | |
|---|---|
| Military Judge: | LCDR Casey Chmielewski, USCG |
| Trial Counsel: | LCDR Travis M. Emge, USCG |
| Assistant Trial Counsel: | LCDR Michael R. Gesele, USCGR |
| Military Defense Counsel: | LT Nicholas Smith, JAGC, USN |
| Appellate Defense Counsel: | LCDR Michael J. Meyer, USCG |
| Appellate Government Counsel: | LCDR Amanda Lee, USCG |
| Appellate Government Counsel: | LT Lars Okmark, USCGR |

### BEFORE
### NORRIS, GILL[1] AND CLEMENS
Appellate Military Judges

NORRIS, Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of larceny, in violation of Article 121, Uniform Code of Military Justice (UCMJ), and one specification of conspiracy to commit larceny, in violation of Article 81, UCMJ.  The military judge sentenced Appellant to reduction to E-1, confinement for four months, forfeiture of $968.00 per month for four months, and a bad-conduct discharge.  The Convening Authority

---

[1] Judge GILL did not participate in this decision

approved the sentence, but vacated and remitted execution of the bad-conduct discharge and confinement in excess of forty-five days, in accordance with the pretrial agreement.

Before this Court, the Appellant contends that the post-trial processing prejudiced substantial right of the Appellant.

## Post-trial Delay

Processing of the record of trial (record or ROT) took place according to the following chronology. This chronology was established by reference to the record of trial and the ancillary documents attached to the record, including an affidavit executed by Coast Guard Appellate Government Counsel (CG-0946) .

| Date | Action | Days elapsed |
|------|--------|--------------|
| 27 JUL11 | Sentence adjudged | 0 |
| 22 AUG 11 | ROT received from transcriptionist | 26 |
| 10 OCT 11 | ROT review completed by TC/ATC | 75 |
| 20 OCT 11 | ROT delivered to military judge | 85 |
| 08 NOV 11 | Defense Counsel (DC) verbally certifies ROT satisfactory | 104 |
| 28 NOV 11 | ROT authenticated by military judge | 124 |
| 14 DEC 11 | Authenticated ROT delivered to DC[2] | 140 |
| 15 DEC 11 | Staff Judge Advocate's Recommendation (SJAR) signed | 141 |
| 19 DEC 11 | DC response to SJAR | 145 |
| 05 JAN 12 | Record received by convening authority | 162 |
| 13 JAN 12 | Convening authority action | 170 |
| 27 JAN 12 | R.C.M. 1112(a) review conducted | 184 |
| 19 DEC 14 | Case referred to and docketed by CGCCA | 1,241 |

Notable periods of post-trial processing delay are 170 days from the date sentence was adjudged to the date of the Convening Authority (CA) action, and 1,071 days from CA action for the record to be docketed with this Court.

It is well established that post-trial delay can be the basis for relief. The Court of Appeals for the Armed Forces (CAAF) has established "a presumption of unreasonable delay that will serve to trigger the *Barker* four-factor analysis where the action of the convening authority is not

---

[2] The accused had requested that his copy of the ROT be delivered to him; however, apparently because he did not provide a forwarding address, it was provided to his DC instead.

taken within 120 days of the completion of trial [and] where the record of trial is not docketed by the service Court of Criminal Appeals within thirty days of the convening authority's action." *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The *Barker* analysis examines the following four factors to determine whether post-trial delay constitutes a due process violation: "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Id.* at 135 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). No single factor is required for finding a due process violation, and the absence of a given factor will not prevent such a finding; rather, courts are required to engage in a "difficult and sensitive" balancing process. *Id.*

In this case, there are two instances of presumptively unreasonable delay. The CA's action occurred 170 days after the one-day trial was completed; the 50 days beyond the *Moreno* 120-day standard are presumptively unreasonable. The case was not docketed until 1,071 days after CA's action, which exceeds the *Moreno* standard by 1,041 days. To assess whether a due process violation has occurred because of this presumptively unreasonable delay, we carry out the *Barker* four-factor analysis.

As to the length of the delay, the acting Staff Judge Advocate's (SJA) R.C.M. 1112(a) review concluded that the 50-day delay in CA action was unreasonable, noting that "MK3 Gonzalez pled guilty in one day with a relatively short, 166-page record. This was not a complex case or lengthy record of trial, and therefore, should have been processed within 120-days." We concur. Additionally, it appears on the record that Defense Counsel was highly responsive during the post-trial process, and thus cannot be attributed with causing unreasonable delay.

As to the length of the delay between CA action and docketing the case with this court, 1,071 days is exceedingly long, especially when compared to the 30-day standard of presumptive unreasonableness

With regard to the second *Barker* factor, the reason for the delay, the Acting SJA of the servicing legal office, in his R.C.M. 1112(a) review, offered no explanation for the 170-day

3

delay before CA action.[3]  Additionally, the SJA's review expressly acknowledges the lack of justification for the delay.  We agree with the SJA's conclusion that the record contains no special circumstances that would justify exceeding the 120-day standard.

The Coast Guard's  Appellate Government Counsel provided the following explanation of the 1,071-day delay between CA action and docketing with this court in an affidavit dated 20 March 2015:

> The servicing legal office conducted an R.C.M. 1112 review in both cases.[4]
> Neither reviewer noted the fact that the BCD was approved (albeit suspended or remitted) and that the cases should immediately be referred to the Coast Guard Court of Criminal Appeals.  When the records arrived in CG-0946,  the records custodian, likely seeing the R.C.M. 1112 review, assumed the cases would be reviewed under Article 69(b).  They were processed as Article 69(b) cases and sent to the office designated to handle Article 69 cases without having been reviewed by an attorney in CG-0946.  The records were not reviewed by the Article 69 reviewing officer until late fall of 2014, at which time the reviewer recognized that the sentence in both cases included an approved BCD.  The cases were then forwarded to the Coast Guard Court of Criminal Appeals on
> 19 December 2014.[5]

Appellate Government Counsel's explanation of the delay to refer and docket the case with this Court highlights that the wrong process was applied by the government; namely, the process failed to identify the legally sufficient review that was required and failed to properly route the record for that review.  The government's assertion that this failing was not attributable to bad faith or bad intent is not relevant to the *Barker* analysis; as the government acknowledges, "delays based on administrative matters" do not excuse surpassing the timelines, *Moreno*, 63 M.J. at 143, and the essentially clerical task of docketing the case has been categorized as "the least defensible of all" post-trial delays. *United States v. Dunbar*, 31 M.J. 70, 73 (C.M.A. 1990). However, these assertions do make clear that the Government had complete and exclusive

---

[3] The record of trial contains a 1-page sheet entitled "Gonzalez Remarks" that supplements DD Form 490, the Record of Trial form completed in this case.  Those remarks account for, but do not explain, the 170-day delay.
[4] A companion case involving Appellant's co-conspirator was being processed simultaneously with the instant case.
[5] U.C.M.J. Article 66 mandates referral to a Court of Criminal Appeals of all cases in which, *inter alia*, a sentence, as approved, contains a punitive discharge.  Under Article 69, a *sua sponte* review is conducted by the office of the Judge Advocate General of all cases not otherwise reviewed under Article 66.  The approved sentence in this case included a bad conduct discharge, and therefore referral to the CGCCA was by Article 66.

control over the review process, and thus only the government is responsible for this period of delay.

For these reasons, the first and second *Barker* factors, length and reasons for delay, weigh strongly against the Government.

As to the third *Barker* factor, Appellant did not assert the right to timely review and appeal at any stage in the post-trial process. His failure to do so regarding the delay in CA action, at a time when he was being actively represented by his trial defense counsel, weighs slightly against him. Appellant's failure to challenge the delay in docketing his case before this court cannot be held against him in any way, since he was not entitled to an appellate defense counsel until the case was docketed, and thus was deprived of the guidance such counsel may have provided him. In light of these considerations, while Appellant's failure to assert his right to timely review and appeal is a factor that weighs in the negative to him, it does so only slightly.

As to the fourth *Barker* factor, prejudice to the Appellant, *Moreno* identified three sub-factors: oppressive incarceration pending appeal, anxiety and concern, and impairment of ability to present a defense at a rehearing. *Moreno*, 63 M.J. at 139-40. Both the first and third sub-factors depend upon a successful appeal on other issues, which is not present in Appellant's case. Concerning anxiety and concern, to be cognizable, it must be "particularized anxiety and concern that is distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision." *Id.* at 140. Appellant does not assert any particularized anxiety and concern relating to the delay; nor is any apparent on the record. Thus, as to the fourth Barker factor, Appellant has suffered no prejudice from the delay.. *United States v. Toohey*, 63 M.J. 353, 361 (C.A.A.F. 2006).

Although "no single factor [is] required to find that post-trial delay constitutes a due process violation," *Moreno*, 63 M.J. at 136, in the absence of *Barker* prejudice, a due process violation only exists "when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *Toohey*, 63 M.J. at 361-62. In *Toohey*, the convening authority's action

took place 644 days after the date of sentence, and the Court of Criminal Appeals issued its decision 2,240 days (more than six years) after the date of sentence. *Id.* at 357. Additionally, in *Toohey* the third factor weighed in favor of the Appellant. *Id.* at 361. As a result, despite the absence of *Barker* factor four prejudice, CAAF determined that Appellant Toohey was denied his due process right to speedy review and appeal. *Id.* at 362.

The facts of the instant case are not as egregious as those presented in *Toohey*. Despite that, we conclude that the length and circumstances involved in the delay were sufficiently egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system. Even simple negligence such as failing to properly route a record, when left unaddressed for more than three years, has a deleterious impact that will impart the perception of ineffectiveness to a reasonable person. As a result, we hold that Appellant was denied his due process right to speedy review and appeal. *Accord United States v. Gosser*, 64 M.J. 93, 97-99 (C.A.A.F. 2006) (1,303 days from sentencing to court of criminal appeals decision constituted a denial of due process, despite the absence of prejudice).

Where a court finds constitutional error, it grants relief unless it is convinced beyond a reasonable doubt that the constitutional error is harmless. *See United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005) (citing *Chapman*, 386 U.S. at 24). The government bears the burden of demonstrating that a constitutional error is harmless beyond a reasonable doubt. *United States v. Cendejas*, 62 M.J. 334, 337 (C.A.A.F. 2006) (citing *United States v. Simmons*, 59 M.J. 485, 489 (C.A.A.F. 2004)); *United States v. Grooters*, 39 M.J. 269, 273 (C.M.A. 1994) (quoting *Arizona v. Fulminante*, 499 U.S. 279, 296, 111 S. Ct. 1246, 113 L. Ed. 2d 302 (1991)). We apply a *de novo* standard of review to the question of harmlessness beyond a reasonable doubt. *Cendejas*, 62 M.J. at 337; *Kreutzer*, 61 M.J. at 299; *United States v. Grijalva*, 55 M.J. 223, 228 (C.A.A.F. 2001) (citing 2 Steven Childress & Martha Davis, Federal Standards of Review § 7.03, at 7-10 (3d ed. 1999)). Where we cannot say beyond a reasonable doubt that deprivation of the due process right to a speedy review and appeal is harmless, we must consider what relief, if any, to afford. *See Jones*, 61 M.J. at 86.

The government asserts that post-trial delay was harmless. Appellant was administratively separated from the Coast Guard and received his DD-214 well before his record reached this Court. We have found that there was no *Barker* prejudice. Considering the totality of the circumstances in this case, we are confident beyond a reasonable doubt that this delay was harmless. As a result, no relief is warranted on the basis of this analysis.

This does not end our inquiry. A Court of Criminal Appeals has "authority under Article 66(c) to grant relief for excessive post-trial delay without a showing of "actual prejudice" within the meaning of Article 59(a), if it deems relief appropriate under the circumstances." *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002). In exercising this responsibility, the Court is to "determine what findings and sentence "should be approved," based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay." *Id.*

A delay of 50 days for the convening authority to take action, and of 1,071 days following such action to docket the case with this Court, surely bespeaks a lack of institutional diligence. *See United States v. Holbrook*, 64 M.J. 553, 557 (C.G.Ct.Crim.App. 2007). We find the delays unreasonable, warranting some relief. We will consider the delays when conducting our sentence appropriateness review under Article 66, UCMJ.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty are affirmed. In view of our finding of unreasonable post-trial delay, only so much of the sentence as provides for a bad-conduct discharge (vacated and remitted below), reduction to E-3, and forfeiture of $968.00 per month for four months is affirmed.

Judge CLEMENS concurs.



For the Court,


DuJuan E. Brown
Clerk of the Court