# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Senior Airman JOSHUA M. HENSLEY
### United States Air Force

### ACM 38548

### 12 June 2015

Sentence adjudged 10 October 2013 by GCM convened at Shaw Air Force Base, South Carolina. Military Judge: Michael J. Coco (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 5 months, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Jonathan D. Legg.

Appellate Counsel for the United States: Major Jason M. Kellhofer; Major Matthew J. Neil; Captain Thomas J. Alford; and Gerald R. Bruce, Esquire.

Before

ALLRED, SARAGOSA, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

SARAGOSA, Judge:

A military judge sitting as a general court-martial convicted the appellant, contrary to his pleas, of two specifications of possession of child pornography, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The military judge sentenced the appellant to a bad-conduct discharge, confinement for 6 months, and reduction to E-1. The convening authority disapproved the findings for one specification and approved only so much of

the sentence as provided for a bad-conduct discharge, confinement for 5 months, and reduction to E-1.

On appeal, the appellant argues (1) the finding of guilt is legally and factually insufficient, (2) the military judge erred in denying the defense request for the investigative notes of a law enforcement officer, (3) the Article 134, UCMJ, offense is unconstitutional as applied to the appellant, (4) the military judge abused his discretion in denying the defense motion for a false confession expert, and (5) the military judge erred in calculating the maximum punishment.[1]  Finding no error prejudicial to the substantial rights of the appellant, we affirm.

*Background*

In June 2012, a co-worker of the appellant opened a phone left in a military vehicle and discovered a photograph of a nude girl.  When the image disappeared from the screen, a list of websites appeared along with additional photographs of young girls.  The co-worker learned the phone belonged to the appellant and reported the information to the Air Force Office of Special Investigations (AFOSI).  The appellant was contacted and gave consent for AFOSI to take custody of his phone and laptop computer.  Search authorization was obtained, and the items were searched at the Defense Computer Forensics Laboratory.

The appellant was charged with one specification of attempted possession of child pornography for conducting an Internet search in an effort to find child pornography.  He was also charged with two specifications of possessing visual depictions of minors or what appears to be minors engaging in sexually explicit conduct.  One possession specification covered a single image on his phone and the other covered 10 images on his laptop computer.  The military judge granted, in part, a pretrial motion to suppress 2 of the 10 images on the appellant's laptop computer.  Trial counsel subsequently withdrew those two images from the specification and proceeded to trial on the remaining eight images.

The military judge found the appellant not guilty of the attempted possession charge and specification.  The military judge further found the appellant guilty of possessing two of the images on the laptop computer but not guilty of the remaining six images.  For the single image on the phone, the military judge did not find that the minors in the image were engaged in sexually explicit conduct and instead found the minors were "in the nude and holding hands."  During the clemency process, the convening authority did not approve this finding.  This left the appellant convicted of one charge and one specification covering his possession of two images of child pornography.

---

[1] The final three issues are raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

*Legal and Factual Sufficiency*

The appellant contends the evidence is factually and legally insufficient to sustain his conviction of child pornography. We review issues of factual and legal sufficiency de novo. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of the accused's guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399.

"The test for legal sufficiency of the evidence is whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (quoting *Turner*, 25 M.J. at 324) (internal quotation marks omitted). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001).

The appellant asserts the evidence presented at trial is insufficient in three ways. First, he contends there is insufficient proof that the individuals depicted in the two images were minors, thereby failing to meet an element of the offense. *See Manual for Courts-Martial, United States* (*MCM*), Part IV, ¶ 68b.c.(4) (2012 ed.). He cites to the post-trial addendum to the staff judge advocate recommendation (SJAR) as support for his position. In that document, the staff judge advocate stated he had personally reviewed the two images and concluded reasonable doubt existed as to whether the images depict minors. We note the addendum and the views expressed in the SJAR were not evidence presented at trial and as such will not be considered by this court as we conduct our review of the findings as required under Article 66(c), UCMJ. *See United States v. Beatty*, 64 M.J. 456, 458 (C.A.A.F. 2007) (exploring the definition of a court-martial's "entire record" for purposes of Article 66(c), UCMJ, review). The appellant further argues the evidence on this point is insufficient because there was no expert testimony presented with respect to the ages of the girls depicted in the two images. We disagree that such testimony is necessary. "[A] factfinder can make a determination as to whether actual children were used to produce the images based upon a review of the images alone. . . . [T]his includes the military judge and, under appropriate circumstances, a Court of Criminal Appeals." *United States v. Cendejas*, 62 M.J. 334, 338 (C.A.A.F. 2006). We find this applicable to discerning both an *actual* versus *virtual* image, as well as whether

the person depicted was a minor or not.  Having reviewed the two images at issue for this specification, we are personally convinced that the two images depict minors.

Second, the appellant argues the evidence is insufficient as to the image identified as "imagesCANRDZKT.jpg" as it fails to depict a "lascivious exhibition of the genitals or pubic area of any person" required to meet the definition of "sexually explicit conduct" which, in turn, is required to meet the definition of "child pornography."  *MCM*, Part IV, ¶ 68b.c.(1) and (7)(e).  As recognized by the military judge at trial, our superior court has declared that the determination of "whether a particular photograph contains a 'lascivious exhibition'" should combine "a review of the *Dost* factors with an overall consideration of the totality of the circumstances."  *United States v. Roderick*, 62 M.J. 425, 430 (C.A.A.F. 2006) (citing *United States v. Dost*, 636 F.Supp. 828, 832 (S.D. Cal. 1986)). We agree with the military judge that, after applying the *Dost* factors,[2] this image depicts an exhibition of a minor's genitalia or pubic area that was lascivious based on a totality of the circumstances.

Finally, the appellant contends the evidence is insufficient to establish proof beyond a reasonable doubt that he knowingly and wrongfully possessed the two images at issue.  *See MCM*, Part IV, ¶ 68b.b.(1)(a), c.(2), and (5).  His argument is premised on his assertion that there was evidence that another individual was responsible for the images on his laptop computer and his assertion that the images were unintentionally or inadvertently stored by the operating system on the laptop computer.  The appellant relies on the holding in *United States v. Navrestad*, 66 M.J. 262 (C.A.A.F. 2008), as support for his position.  In *Navrestad*, the court concluded that the possession element in a child pornography case could not be satisfied where the pornography was viewed on a public computer at an Internet cafe, could not be downloaded to a portable storage device, and where there was no access to the files stored on the computer's hard drive.  *Id.* at 268. We find that case distinguishable from the facts before us involving the appellant's personal computer where there was additional testimony regarding the appellant's knowledge that computer searches remained on the computer after deletion, manual deactivation of the "safe search" feature of the Internet search engine, and use of the

---

[2] The *Dost* factors are as follows:

> 1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; 3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; 4) whether the child is fully or partially clothed, or nude; 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*United States v. Dost*, 636 F.Supp. 828, 832 (S.D. Cal. 1986).

"in-private browsing" function of Internet Explorer. We also find beyond a reasonable doubt that sufficient evidence was presented to prove the appellant wrongfully and knowingly possessed these images.

After a review of the complete record of trial, consideration of the evidence in the light most favorable to the prosecution, consideration of the appellant's arguments, and application of the above law, we are convinced that a reasonable factfinder could have found all the essential elements beyond a reasonable doubt. Furthermore, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, we are convinced of the appellant's guilt beyond a reasonable doubt. Accordingly, the findings are legally and factually sufficient.

*Investigative Notes*

In the second assignment of error, the appellant asserts that the military judge erred in denying his request for the investigative notes of a North Carolina investigator. The notes were created by a detective during the course of an investigation involving the appellant's former roommate, CB, who had allegedly sexually assaulted a child.

A central part of the defense theory in this case was casting doubt upon whether the appellant was responsible for the placement of the images on his laptop. The appellant wanted to create reasonable doubt by arguing the possibility that CB, who was residing with him for a period of time, was instead responsible because he had access to the laptop and its passwords. CB was identified as a government witness and the appellant announced his intent to call both his own wife and CB's wife, ChB, to present evidence regarding this theory. Trial defense counsel believed that North Carolina authorities were investigating CB for child molestation and possibly for child pornography. During the motion hearing, trial defense counsel argued the investigative notes would provide potential impeachment of CB if he denied his involvement with child pornography, as well as corroboration of ChB's anticipated testimony that CB was being separately investigated for child pornography on his computer.

The military judge ordered the investigative file to be turned over for in camera review. After review of the notes, the military judge denied the defense motion and made the following findings:

> I have found through my discussion with counsel [in a prior Rule for Courts-Martial (R.C.M.) 802 session and on the record] . . . that the parties . . . know everything. There's nothing really further, in the records that I reviewed and what counsel has already told me about this particular investigation, and therefore, I'm not going to release the

actual pages to the parties. It really isn't necessary at this point. If that changes, I will readdress it.

CB ultimately did not testify at the appellant's court-martial, but the defense presented evidence about his access to the appellant's computer through the testimony of the appellant's wife and ChB. ChB also testified about suspicious photographs she found on her husband's computer and that she had reported them to the investigator who was looking into the sexual assault allegations. When the government called that investigator in rebuttal, she testified that ChB had never informed her about those photographs. After being recalled to the stand, ChB testified that she actually may have reported the photographs to social services.

"The military rules pertaining to discovery focus on equal access to evidence to aid the preparation of the defense and enhance the orderly administration of military justice. To this end, the discovery practice is not focused solely upon evidence known to be admissible at trial." *United States v. Roberts*, 59 M.J. 323, 325 (C.A.A.F. 2004). The discovery issue in this case concerns disclosure of information which the appellant contended was "material to the preparation of the defense." R.C.M. 701(a)(2)(A). We first determine whether the information at issue was subject to disclosure or discovery and, if so, we then test the effect of the nondisclosure on the appellant's trial. *Roberts*, 59 M.J. at 325.

When a military judge conducts an in camera review of requested discovery, we review his decision for abuse of discretion. *Roberts*, 59 M.J. at 326. A military judge abuses his discretion when his findings of fact are clearly erroneous, when he is incorrect about the applicable law or when he improperly applies that law. *Roberts*, 59 M.J. at 326. The materiality of the information in these records is a question of law that we review de novo. *Roberts*, 59 M.J. at 325.

The military judge's factual findings in his ruling were limited in nature. Essentially, the findings were that there was nothing more in the investigative notes than what counsel had already told the military judge about the investigation; therefore, disclosure of the notes was unnecessary. This is difficult to evaluate since everything counsel had told the military judge may not be reflected in the record as it appears there were additional discussions in R.C.M. 802 sessions. However, a review of the record before us reveals this factual finding was erroneous.

Trial defense counsel represented that the investigation of CB possibly included allegations of child pornography which, if true, would have been material to the appellant's defense theory that CB was responsible for the images on his laptop computer. However, our review of the investigative notes reviewed in camera by the military judge dispels this representation. In fact, the investigator's notes indicated the investigation was limited to allegations of sexual assault. The military judge's

conclusion that the "parties know everything" in the notes is, therefore, incorrect. He did not, in the record before us, expressly inform trial defense counsel that CB was not being investigated for child pornography.

Furthermore, trial defense counsel requested the investigative notes as they believed their contents would corroborate ChB's anticipated testimony regarding the discovery of child pornography on CB's computer. As indicated above, the investigative notes are to the contrary. They would not have corroborated ChB's testimony about the photographs. Instead, they would have portrayed her as someone whose credibility was being questioned by the investigator as she learned of ChB's false statements about the scope of the investigation and other inconsistent statements made by ChB.

Knowing that the investigation into CB did not include allegations of child pornography and that ChB was making inconsistent statements about that matter would have been material to the preparation of the defense. For example, the inconsistent statements made by ChB prior to trial were probative of her truthfulness and could have been used by the defense in determining whether to call ChB as a witness given the impeachment she was going to face during cross examination. *See Roberts*, 59 M.J. at 326. The defense had a right to this information because it was relevant to ChB's credibility and therefore was material to the preparation of the defense for purposes of R.C.M. 701.

Having determined that the information should have been disclosed by the military judge, we must test the effect of that nondisclosure on the appellant's trial by "review[ing] the materiality of the erroneously withheld information in terms of the impact that information would have had on the results of the trial proceedings." *Roberts*, 59 M.J. at 326. Because the defense specifically requested the withheld information, the appellant is entitled to relief unless the government can show that nondisclosure was harmless beyond a reasonable doubt. *Id.* Failing to disclose such material is not harmless beyond a reasonable doubt "if the undisclosed evidence might have affected the outcome of the trial." *United States v. Coleman*, 72 M.J. 184, 187 (C.A.A.F. 2013). This determination must be made in light of the entire record. *United States v. Morris*, 52 M.J. 193, 197 (C.A.A.F. 1999).

After our review of the entire record in this case, we find the non-disclosed material would not have affected the outcome of the trial and thus its nondisclosure was harmless beyond a reasonable doubt. Although it would have been helpful to the defense to know this information about ChB in advance of trial, we find the defense would still have called her as a witness in order to bring evidence about her husband and his photographs before the factfinder. Furthermore, during her testimony, she provided a plausible explanation for why she was confused about who she reported the photographs to. When considered in conjunction with the strength of the government's proof that the appellant possessed the two images, we find that her impeachment in front of the military

judge did not affect the outcome of the trial. In light of the evidence in the entire record, we are satisfied that the nondisclosure of this information was harmless beyond a reasonable doubt.

*Constitutionality of Article 134, UCMJ*

Pursuant to *Grostefon*, the appellant contends the enumerated child pornography offense under Article 134, UCMJ, is constitutionally overbroad. "The constitutionality of a statute is a question of law; therefore, the standard of review is *de novo*." *United States v. Wright*, 53 M.J. 476, 478 (C.A.A.F. 2000) (citing *United States v. Brown*, 25 F.3d 307, 308 (6th Cir. 1994)).

We find appellant's claim contesting the constitutionality of Article 134, UCMJ, to be without merit and contrary to previous holdings by our superior court. *See United States v. Beaty*, 70 M.J. 39, 41 (C.A.A.F. 2011) ("This Court has repeatedly held that possession of child pornography, whether actual or virtual, may constitutionally be prosecuted under clauses 1 and 2, Article 134, UCMJ."). As to his argument that it is unconstitutional as applied to him because the military judge did not acknowledge that any images of what "appear to be a minor" had to be obscene[3] in order to be criminally actionable, "[m]ilitary judges are presumed to know the law and follow it absent clear evidence to the contrary." *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) (citing *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)). Here, there is no evidence to rebut that presumption.

*False Confession Expert*

The appellant asked the military judge to order the appointment of an expert in the field of false confessions. The military judge denied the request and articulated his findings of fact and conclusions of law in a written order. Pursuant to *Grostefon*, the appellant contends this was error.

We apply our superior court's three-part test to determine whether expert assistance is necessary. *See United States v. Bresnahan*, 62 M.J. 137, 143 (C.A.A.F. 2005). "The defense must show: (1) why the expert assistance is needed; (2) what the expert assistance would accomplish for the accused; and (3) why the defense counsel were unable to gather and present the evidence that the expert assistance would be able to develop." *Id.* We will not overturn a ruling on a request for expert assistance absent a military judge's abuse of discretion. *Id.*

---

[3] This enumerated offense defines child pornography in a way that covers both actual and virtual child pornography—material that contains either "a visual depiction of an actual minor" or "an obscene visual depiction of a minor" engaging in sexually explicit conduct. *Manual for Courts-Martial, United States*, Part IV, ¶ 68b.c.(1) (2012 ed.).

The military judge's ruling included a well-reasoned analysis of the defense request, articulating his findings that the defense failed to show how such an expert would be of assistance to the defense and evaluating the reasonable probability that denial of such an expert would result in a fundamentally unfair trial. *See United States v. Gunkle*, 55 M.J. 26 (C.A.A.F. 2001). His findings of fact were not clearly erroneous and he properly applied the correct applicable law. As such, we find no abuse of discretion.

*Maximum Punishment*

Pursuant to *Grostefon*, the appellant contends the military judge erred in calculating the maximum punishment for the specification that alleged he possessed, inter alia, what "appears to be minors engages in sexually explicit conduct." The determination of the maximum authorized sentence is a question of law subject to de novo review. *Beaty*, 70 M.J. at 41.

Prior to the President listing child pornography as an enumerated Article 134, UCMJ, offense, the maximum punishment for allegations involving "what appears to be minors" was limited to 4 months of confinement. *Beaty*, 70 M.J. at 45. The appellant, however, was charged with the enumerated Article 134, UCMJ, offense, which authorizes a maximum punishment of a dishonorable discharge, confinement for 10 years, forfeiture of all pay and allowances, and reduction to E-1. The appellant's reliance on the holding in *Beaty*, is therefore misplaced.

We have also considered the appellant's argument regarding the absence of the language "what appears to be a minor" from the definition of child pornography in the *Manual*, Part IV, ¶ 68b.c.(1), and find it unpersuasive given the further language set forth in ¶ 68b.c.(2), which further explains the level of awareness an accused must have to warrant conviction. In that section, it is clear the accused must be aware "that the images were of minors, *or what appeared to be minors*" engaging in sexually explicit conduct, as further defined. (Emphasis added). The military judge properly calculated the maximum punishment.

*Conclusion*

The approved findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred.[4] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[4] The court-martial order (CMO) inaccurately reflects the findings of the military judge for Charge II, Specification 1. The CMO notes the military judge found the appellant not guilty of the words "350X250-739282[1].jpg." However, the charged language, and the language the military judge excepted from his findings,

Accordingly, the approved findings and the sentence are **AFFIRMED**.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

was "300X250-739282[1].jpg."  We order a new CMO to correct that clerical error, as well the opened, but not closed, quotation.  *See* Air Force Instruction 51-201, *Administration of Military Justice* (6 June 2013).