# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Airman Basic BRANDON T. JAMES
### United States Air Force

### ACM S32302

### 4 May 2016

Sentence adjudged 9 February 2015 by SPCM convened at Scott Air Force Base, Illinois. Military Judge: Shaun S. Speranza (sitting alone).

Approved Sentence: Bad-conduct discharge and confinement for 80 days.

Appellate Counsel for Appellant: Captain Annie W. Morgan.

Appellate Counsel for the United States: Major Jeremy D. Gehman; Major Clayton H. O'Connor; and Gerald R. Bruce, Esquire.

Before

MITCHELL, DUBRISKE, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

DUBRISKE, Judge:

Consistent with his pleas as part of a pretrial agreement, Appellant was found guilty by a military judge sitting alone of two specifications of failing to obey a lawful order, one specification of dereliction of duty, one specification of wrongful introduction of marijuana, one specification of wrongful distribution of marijuana, and one specification of communicating a threat, in violation of Articles 92, 112a, and 134, 10 U.S.C. §§ 892, 912a, 934.

Appellant was sentenced to a bad-conduct discharge and 80 days of confinement. The special court-martial convening authority approved the sentence as adjudged.

On appeal, Appellant argues two specifications must be set aside as his corresponding plea to the offenses was improvident. Appellant also alleges his record of trial is incomplete.

*Providence of Plea—Failure to Obey an Order*

Appellant's first assignment of error alleges his guilty plea to one specification of failing to obey a lawful order is improvident as his colloquy with the military judge raised the possibility of a mistake of fact defense. Appellant argues a comment about his initial understanding of the parameters of his squadron commander's order should have generated additional inquiry by the military judge to ensure a valid defense was not available to Appellant. After reviewing the providence inquiry, we do not believe Appellant's comments sufficiently raised the defense of mistake of fact to require additional inquiry by the military judge.

After multiple positive drug tests which resulted in the imposition of nonjudicial punishment, Appellant was restricted to the limits of Scott Air Force Base, Illinois, by order of his squadron commander. This order also prohibited Appellant from sponsoring non-Department of Defense personnel onto the installation without first gaining the approval of his squadron commander.

Appellant subsequently requested permission from his squadron commander to sponsor his fiancé on the installation. Appellant's commander approved this request in writing, but specifically prohibited Appellant and his guest from visiting both "Scott [Air Force Base] Dormitories/Housing" and Appellant's work areas. Appellant and his fiancé were later seen leaving Appellant's dormitory building, resulting in the specification currently being challenged on appeal.

During the providence inquiry, the military judge asked Appellant what his commander's order required of him. Appellant responded that he understood the order to prohibit him from taking his fiancé to the dormitory, as well as the buildings where he normally worked. The military judge then asked Appellant what he understood the word "dormitory" to mean with regard to the order. Appellant responded that he understood the term to mean his dormitory room.

After consulting with his trial defense counsel, Appellant immediately clarified his previous statement to the military judge.

> [Appellant]: After first reading I thought the dorm room when he first—but after reading through it thoroughly, which I did not do at first, I then noticed that it said dormitories altogether.

[Military Judge]: So what did that order mean?

[Appellant]: Not to take her to the dormitories.

[Military Judge]: Was he clear on that?

[Appellant]: Yes Sir.

[Military Judge]: It was in writing?

[Appellant]: Yes Sir.

[Military Judge]: What did that order that [your squadron commander] gave you on 17 October 2014 prohibit you from doing?

[Appellant]: Taking her to the dormitories and [civil engineer] buildings.

[Military Judge]: And did you believe that you had to comply with that order?

[Appellant]: Yes Sir.

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). In order to prevail on appeal, Appellant has the burden to demonstrate "'a substantial basis' in law and fact for questioning the guilty plea." *Id.* (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). The "mere possibility" of a conflict between the accused's plea and statements or other evidence in the record is not a sufficient basis to overturn the trial results. *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996) (quoting *Prater*, 32 M.J. at 436). "The providence of a plea is based not only on the accused's understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts." *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008) (citing *United States v. Care*, 40 C.M.R. 247, 250–51 (C.M.A. 1969)).

While Appellant's initial comment may have raised the possibility of a defense, his subsequent discussion with the military judge disavowed any belief that he may have been compliant with the order due to his misunderstanding of its terms. Viewing the entire providence inquiry, Appellant's discussion with the military judge did not reasonably raise the question of mistake of fact as Appellant could not have possessed the necessary "honest" belief given his stated understanding about the limits of the order when he violated it. Considering the language in the written order before the court was extremely

clear on the prohibited locations, we do not believe the military judge was mandated to engage in any additional inquiry with Appellant once he clarified his true understanding of the order.

Appellant specifically faults the military judge for failing to affirmatively have Appellant disclaim the defense. Not every mitigating statement or word from an appellant requires further inquiry. *See United States v. Hayes*, 70 M.J. 454, 458 (C.A.A.F. 2012). A guilty plea will only be considered improvident if testimony or other evidence of record reasonably raises the question of a defense, or includes something patently inconsistent with the plea in some respect. *See United States v. Roane*, 43 M.J. 93, 98–99 (C.A.A.F. 1995). This standard was not exceeded in this case. We would also note the military judge did specifically ask Appellant and trial defense counsel whether Appellant possessed any legal excuse or other justification for violating the order. This question was answered in the negative by the parties.

*Providence of Plea—Communication of a Threat*

Appellant next argues his plea to the offense of communicating a threat is likewise improvident. In so claiming, Appellant brings forward two factually-based claims: (1) his comments that he never intended to harm the recipient of his threat directly conflicts with the elements of the charged offense, and (2) his comments were insufficient to show his threats were prejudicial to good order and discipline. Appellant also argues his conviction cannot stand given the United States Supreme Court's opinion in *Elonis v. United States*, 135 S. Ct. 2001 (2015). As previously noted above, we review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *Inabinette*, 66 M.J. at 322.

The offense of communicating a threat under Article 134, UCMJ, 10 U.S.C. § 934, requires the prosecution to prove four elements beyond a reasonable doubt:

> (1) That the accused communicated certain language expressing a present determination or intent to wrongfully injure the person, property, or reputation of another person, presently or in the future;
> (2) That the communication was made known to that person or to a third person;
> (3) That the communication was wrongful; and
> (4) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

*Manual for Courts-Martial, United States*, pt. IV, ¶ 110.b (2012 ed.).

Appellant's first claim—that his lack of specific intent to harm the recipient results in an improvident plea—is misplaced. The offense of communicating a threat does not require the government prove that the accused actually intended to carry out the threatened injury. *United States v. Phillips*, 42 M.J. 127, 129 (C.A.A.F. 1995). "The offense is complete when one wrongfully communicates to another 'an avowed present determination or intent to injure presently or in the future.'" *United States v. Gilluly*, 32 C.M.R. 458, 460–61 (C.M.A. 1963) (quoting *United States v. Holiday*, 16 C.M.R. 28, 30 (C.M.A. 1954)). The intent which establishes the offense is that expressed in the language of the declaration, not the intent locked in the mind of the declarant. *United States v. Humphrys*, 22 C.M.R. 96, 97 (C.M.A. 1956).

Thus, the relevant issue for our analysis is whether Appellant's admissions to the military judge met the definition for a threat; that is, a present determination or intent to wrongfully injure a person presently or in the future. "[T]he existence of a threat should be evaluated from the point of view of a reasonable [person]." *Phillips*, 42 M.J. at 130. As such, we look at whether a reasonable person in the recipient's place would perceive the statement to be a threat. *Id.* We examine "both the words used and the surrounding circumstances" in determining whether a threat has been made. *United States v. Brown*, 65 M.J. 227, 232 (C.A.A.F. 2007).

Focusing on the proper question, we are firmly convinced that Appellant's plea is provident. Appellant informed the military judge that he communicated the following language to another Airman that he believed was the confidential informant who identified Appellant's drug activity to the Air Force Office of Special Investigations (AFOSI): "I'm not going to hit you now because I'm getting court-martialed and I don't want to ruin my case. But just wait after my case and you'll get what's coming." Appellant noted to the military judge that he engaged the other Airman in an aggressive manner with clenched fists and an angry tone of voice. Appellant also admitted it was reasonable for the other Airman to believe he was being threatened due to Appellant's language, demeanor, and presentation. Given these specific admissions to the military judge, Appellant sufficiently communicated a present determination to injure this Airman in the future. As such, the military judge did not abuse his discretion in accepting Appellant's guilty plea.

Appellant next argues his admissions before the military judge were insufficient to support the terminal element of the offense. We disagree. Conduct that is prejudicial to good order and discipline is "conduct that causes a reasonably direct and palpable injury to good order and discipline." *United States v. Caldwell*, 72 M.J. 137, 140 (C.A.A.F. 2013) (quoting *United States v. Cendejas*, 62 M.J. 334, 340 (C.A.A.F. 2006)). Appellant informed the military judge that his threats to another Airman, who he believed was acting as a confidential informant, could have caused the Airman to either alter his future testimony about Appellant's misconduct or decline to testify at all. We believe this conduct towards another Airman is more than sufficient to support the terminal element of his plea.

In addition to his factual attacks, Appellant argues his plea is defective given the United States Supreme Court's opinion in *Elonis v. United States*, 135 S. Ct. 2001 (2015). In *Elonis*, the Supreme Court held a federal statute criminalizing the communication of threats through interstate commerce must be read to include a subjective scienter component. *Elonis*, 135 S. Ct. at 2011. While the court did not define the mens rea required to sustain a conviction under the federal statute, the court held an appellant's culpability must exceed at least a negligence standard. *Id.* Given Appellant informed the military judge that he never possessed a specific intent to harm the person he threatened, he claims *Elonis* is dispositive to his case.

Our superior court recently rejected Appellant's specific argument in *United States v. Rapert*, 75 M.J. 164, 2016 CAAF LEXIS 234 (C.A.A.F. 2016). The court noted the mens rea component missing in *Elonis* is contained in the element of wrongfulness required to sustain a conviction for communicating a threat under Article 134, UCMJ.

> The [Manual for Court-Martial's] requirement that the Government prove that an accused's statement was wrongful because it was not made in jest or as idle banter, or for an innocent or legitimate purpose, prevents the criminalization of otherwise "innocent conduct," and thus requires the Government to prove the accused's mens rea rather than base a conviction on mere negligence. It is thereby evident that the offense of communicating a threat under Article 134, UCMJ, is substantively different than the offense at issue in *Elonis*.

*Id.* at *16.

We find Appellant provided a sufficient factual basis that his conduct was wrongful as instructed by the military judge. While he stated he had no intent to harm the recipient of his threats, Appellant clearly admitted the statements were intentional ones, made because he was angry at another Airman for disclosing his misconduct to AFOSI. Appellant specifically informed the military judge he was not joking when he made the threats, and he did not believe the threats were perceived as jokes by the recipient. Appellant also admitted it was reasonable for the other Airman to believe he was being threatened due to Appellant's actions. Given Appellant's admissions, we find no substantial basis to question the acceptance of the guilty plea in this case.

*Incomplete Record of Trial*

Finally, Appellant argues the record of trial is incomplete as multiple documents generated during his pretrial confinement hearing are missing. In response to the assignment of error, the Government submitted the missing documents along with an

affidavit from assistant trial counsel.  Our acceptance of the Government's submission renders Appellant's assignment of error moot.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.  Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).  Accordingly, the findings and the sentence, as modified, are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court